THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

ANNA HOFFMAN, Admx.

NEGLIGENCE—*liability for death of party.* In this case the deceased was killed while rightfully engaged in unloading wood from a car standing upon the main side track of the defendant's road. South of the car at which the deceased was at work, distant several feet, were two flat cars and several box cars. While he was so engaged, a freight train of defendant, coming from the north, passed near by on the main track, so that the deceased could readily have been seen by the employees of the company thereon. The servants of the company at the station either knew that he was so engaged at the time, or had reason to know the fact. The train passed on until it passed the south end of the switch, when it commenced backing slowly on the side track for the purpose of leaving certain cars, and thus pushed the detached car next to that where the deceased was, so that he was crushed between the bumpers and killed. The only diligence on the part of the company was the ringing of its bell some forty rods south of the deceased, and on the main track. No other warning was

given to the deceased, who was not acquainted with the mode of switching cars, or aware that he was in danger. He could not see the train on the south, on account of the box cars: *Held,* that the company was liable in an action for causing his death, and that the deceased was not guilty of such negligence on his part as to prevent a recovery.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case, by Anna Hoffman, administratrix of John Hoffman, deceased, against the Illinois Central Railroad Company, to recover damages for wrongfully causing the death of the deceased. The deceased left a wife, the plaintiff, and an infant child. The facts of the case are presented in the opinion of the court. There was a verdict and judgment in the court below in favor of the plaintiff for $3000. The defendant appealed.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. ROWELL & HAMILTON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, by appellee against appellant, for wrongfully causing the death of appellee's intestate, John Hoffman.

These are the prominent facts of the case: At the time of the injury, Hoffman was engaged in unloading wood for one Nichols, from a flat car standing on the west or main side track of appellant's railroad, at the station at Bloomington. On this side track there were, at the time, first, box cars, which were being unloaded by two other persons. South of them were two or three flat cars, on one of which was Nichols' wood, where Hoffman was at work. Still south of Hoffman there were one or two flat cars, and then several box cars. A freight train came in from the north about five o'clock P. M. with two cars to be left on this side track; it went along south on the main track until the hind end of the train

came to the switch that connected this side track with the main track at the south end of the side track. The car from which the deceased was unloading wood was detached from the one next south of it, with a space between the bumper heads of the cars of about three feet. This train switched on to the side track and commenced backing up slowly to leave two cars on it: the other cars spoken of, standing south on the side track, were struck and moved up and caught deceased between the iron bumper heads of two cars, the one he was unloading wood from, and that next south of it, thereby causing his death.

It is urged by appellant, that the verdict of guilty is unsupported by the evidence. It is said there was such carelessness on the part of the deceased as to prevent a right of recovery.

Under the practice of the company, it was the business of Nichols, the consignee of the wood, to unload it. The deceased, then, was rightfully there at the time, engaged in that business. But, it is said, his duty in that respect required him to be on the car he was unloading, and, had he been there, he would have received no injury.

In the performance of the work of unloading the wood, he might properly have been about the car, and have got off and on it, as occasion might have required. How he came to be at the place where he received the injury, the evidence does not disclose. What reason had he to apprehend the spot to be one of especial danger? Had he been accustomed to be about the place, familiar with the movements of trains there and the frequency of switching on this side track, there might have been more reason for him to apprehend danger, but the evidence tends to show the reverse of all this. He could not have had reason to expect that, while happening to be, perhaps momentarily, between these two detached cars, they were going to be struck from a distance and forced together, so as to crush him. It was in evidence that, while between the cars, he could not have seen the approaching backing train, nor

19—67th Ill.

could he have done so on the east side of the side track, but only on the west side. The ringing of the bell, which he. is blamed for not heeding, must have been to him an imperfect signal of the approaching danger. The ringing of the bell all occurred on the main track. The point at which he was struck was some fifteen rods from the south end of the side track where it connected with the main track, and the engine of the freight train had just previously gone past him south on the main track and proceeded some twenty-five rods south of the south end of the side track, when it stopped to back on to the switch. The engine did not get fully on to the switch. The ringing of the bell at such a distance, on the main track, was not likely to give deceased much warning that these loose cars were about to be thrust together in the manner they were. We do not think the proof shows any such negligence on the part of the deceased as should stand in the way of a recovery.

It is also claimed there was no negligence shown on the part of appellant. The extent of the care and diligence shown on its part consisted in ringing the bell. This car, loaded with wood, as also other cars, had been placed by the company on this side track, and they were standing there for the purpose of being unloaded by the consignees. The deceased was actually engaged in unloading this car of wood, and two other persons were engaged in unloading a car of lumber. The employees of the defendant either actually knew that these persons were so engaged, or had reason to expect that persons might be so employed about the cars.

It appears by the testimony that a freight train with five railroad employees upon it had, just previously to the accident, passed south on the main track directly past where these men were at work, and continued down south some twenty-five rods below the entrance to the switch, and forty rods below where deceased was at work; that the switchman had also passed from the company's freight house north of where the cars stood, down past where deceased was at work, to the

entrance to the switch, for the purpose of having two cars set in on this side track.   Neither of these employees, so far as the evidence shows, took any pains to notice who were at work unloading cars, or to caution them of approaching danger, further than the ringing of the bell.

In running against this loose car, as was done here, without giving any more information that it was about to be done than appears in evidence, the jury was warranted in saying that there was a neglect on the part of the servants of the company to exercise that reasonable care and diligence not to endanger the safety of the persons employed about these cars, which the situation required of them to exercise.

We see no reason for disturbing the verdict on the evidence.

It is further insisted that the court erred in giving instructions for appellee.   We perceive no special objection to any of them except the first.   This one was faulty, and might properly have been refused.   But, in view of its character, and the circumstances of the case, we do not think it could have misled the jury, and we can not say that the error in it is serious enough to call for a reversal of the judgment.

The instructions given for appellant were more favorable, perhaps, than it was entitled to have given.   We do not think appellant has any substantial cause of complaint as to the way in which the law of the case, upon the whole, was laid down to the jury.

The judgment must be affirmed.

*Judgment affirmed.*