ANNIE JACOBSON, Administratrix, *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

July 8, 1889.

Negligence—Damages.—Evidence *held* sufficient to sustain the verdict, and the verdict *held* not excessive.

Plaintiff, as administratrix, brought this action in the district court for Carlton county, to recover damages for the negligence of defendant, resulting in the death of her intestate, Henry Jacobson. At the trial, before *Stearns*, J., it appeared that deceased was engaged in loading a box-car of defendant with lumber, on a side track in front of a planing-mill in the yard of his employer at Thomson. The lumber was placed in the car through a door in the end of it. Jacobson stood on a platform of plank, one end of which rested on a projection at the end of the car and the other end upon a wooden horse between the rails, and he received the lumber as it came from the mill and placed it in the car. About ten feet westerly from this car, on the same track, was a loaded car, with the brakes set. One of defendant's engines, with several loaded cars, backed in from the west upon the side track to couple to the loaded car, and struck it with such force as to miss the coupling and drive the car against that which Jacobson was loading, putting that also in motion, knocking down the platform, and crushing Jacobson under the car wheels. The jury found a verdict of $5,000 for plaintiff, a new trial was refused, and the defendant appealed.

*James Smith, Jr.*, and *W. A. Barr*, for appellant.

*H. H. Hawkins* and *S. E. Cheeseman,* for respondent.

GILFILLAN, C. J. There is no reason to disturb the verdict in this case. The evidence is abundantly sufficient to justify the jury in finding that the defendant's locomotive, which went upon the side track to pick up and remove the loaded cars standing· on it, was driven at a rate of speed that made' it almost recklessness with respect to the car which plaintiff's intestate was loading. It was the engineer's business to know what cars he was to remove,—to know that he was not to interfere with the one at which the deceased was at work, for the reason that the loading was not completed. He must have known that car was there to be loaded. He ought to have anticipated that some one was or might be there engaged in loading it, and it was his duty to run his locomotive with reference to that condition of things. There is in the evidence hardly a suggestion of negligence on the part of the deceased. He had a right to be where he was, to load the car in the manner in which he was loading it. It was entirely safe, unless in the case of a degree of negligence on the part of defendant's servants which he had no reason to anticipate. The verdict is not excessive in such sense as to call on us to interfere with it on that ground.

Order affirmed.