The Toledo, St. Louis and Kansas City Railroad Company *v.* Hauck.

No. 948.

## The Toledo, St. Louis and Kansas City Railroad Company *v.* Hauck.

RAILROAD.—*Duty to Keep Premises Safe for All Persons Transacting Business With It.—Delivering and Receiving Freight.*—A railroad company, which is a common carrier of goods, and by its conduct invites or induces the public to use its premises, such as depots and other places set apart for receiving and discharging freight, is under special obligation to keep such premises safe for such use for all persons coming upon the premises to transact business with such company, and among those who are entitled to this protection are such persons as come there for the purpose of delivering or receiving freight.

SAME.—*Freight, Delivering and Receiving.—Safe Premises, Duty of Company as to.—Notice.*—Where a box car had been left on a side track, to be loaded with freight, and the consignee of the car was storing her goods therein at the precise point where she was directed to use it for that purpose, there was an implied agreement that the company would protect her from all approaching trains, and that she should not be molested or endangered in her person or property by any act of the company or its servants; and, in such case, the mere fact that a freight train had arrived and passed the box car, on the main track, was no notice to her that such train would enter the side track and endanger her safety by being pushed violently against the car in which she was lawfully engaged in her work of putting away her goods; nor was it her duty, under such circumstances, to leave the car and watch the movements of the freight train.

APPELLATE COURT PRACTICE.—*Searching the Record.—Error Should be Specifically Designated.*—The appellate tribunal will not search the record, for appellant, to find error which is asserted to have been committed. It is his duty to direct the court to the place or places in the record where it is made to appear that the error was committed.

From the Grant Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellant.

*W. Stephenson, H. Brownlee* and *H. J. Paulus*, for appellee.

REINHARD, J.—The appellant has assigned numerous

errors, but we shall notice such only as are discussed in the supersedeas brief of counsel, which is the only one filed by them.

The action was brought to recover damages for a personal injury sustained by the appellee through the alleged negligence of the appellant while appellee was loading some household goods to be carried upon a freight car set apart to the appellee for that purpose by the agents of the appellant. It is claimed, in argument, on behalf of appellant, that the special verdict of the jury, when purged of mere evidentiary facts and legal conclusions, is insufficient to show culpable negligence on the part of appellant and freedom from contributory fault on the part of appellee, and that the court consequently erred in overruling the appellant's motion for judgment in its favor upon the special verdict.

From the facts found, it appears, in substance, that the appellant was, at the time of the alleged grievances, a common carrier of goods and freight, for hire, over a line of railroad operated by it, the main track of which ran through the town of Swayzee, in Grant county, Indiana, where the appellant maintained a station, switch and side track for the use and convenience of persons receiving and transporting freight, which station and the business connected therewith were under the management and direction of a station agent of the appellant; that the side track at the point mentioned branched off from the main track, running east and west on the north side thereof, running for a distance of 1,000 feet or more, where it again joined the main track, and was so constructed and arranged that the cars and engines could pass from the main track over and upon the side track from either the east or west end thereof; that the appellee, who resided in the town of Swayzee, desired to have transferred and carried by the appellant, over the line of

its railroad, from the said town to a point east thereof on said line, certain household goods and furniture belonging to her, and for that purpose, on the 13th day of May, 1890, called upon the appellant's said station agent at said place, and informed him of her desire to ship said goods, and requested him to have a car placed upon said side track, in which to load such goods, which said agent then agreed to do, and, on the 16th day of May, 1890, he caused to be placed upon said side track, at said town, at a point a short distance east of the station building, a box car completely and tightly closed at the sides, ends, bottom and top, with an open doorway on the north; and, on the evening of the day last named, informed appellee of the arrival of the car and directed her to place her goods therein for shipment without any unnecessary delay, whereupon, on the same evening, the appellee placed a portion of such goods in said car, placing the remainder therein the next day; that with the assistance of others and with her own hands, and with the knowledge and consent of such agent, she placed the goods in said car through the open door on the north side thereof; that in order to protect the goods from injury and damage while in transit, it was necessary that many articles be wrapped with cloth, carpet, and other material, and that the same be stored in proper position in the car, and for this purpose, and with the knowledge and consent of the station agent, she went into the car and began the work of wrapping and arranging such goods; that while appellee was in said car and so engaged, one of appellant's east-bound freight trains was drawn along and upon the main track, to or near said station, and, after a short stop, the agent and employes of the appellant in charge of such train caused the same to be run at a rapid speed on its way east and along and upon said main track, passing the

car in which appellee was so engaged, until the rear car passed the east end of the side track, when its movement was reversed, and it was backed into and upon the side track westwardly to such a distance and with such speed and force as that it struck said car with such violence as to move it suddenly a distance of four feet or more; that when said train so left the station, going eastwardly, and when it was so backed in upon the side track, the said station agent knew that all the goods of the appellee were not in said car ready for shipment, and so believing and knowing, said agent failed and neglected to so inform the agents and employes of the appellant in charge of the train; that such train, after passing such car, and before it reached the east end of the side track, was so far away that its movements could not be and were not heard by the appellee in said inclosed box car, and that the appellee had no knowledge that her goods and car were to be taken from the side track by said train, or that the train would be backed in upon the side track, and there was no other car or cars than the one already mentioned, on such side track before and at the time the said train was so backed upon the same; that when the train passed the car going east the appellee was in the closed box car engaged as aforesaid, and was not able to see said train, and was unable to know its movements after it passed the car going east and beyond her hearing, and that she, having no knowledge that her goods were to be taken by said train, or that the same would be run upon the side track, and knowing as she did that the station agent knew of her being in and about said car, and that the same was not ready for removal, she had reason to believe, and in good faith did believe, and so believing did rely thereon, that said train, after its movement beyond her hearing, had continued on its way eastward, and so believing, and being wholly ignorant that said train

would be backed upon the side track and against said car, thereby endangering her life and limb, she remained in said car placing and arranging her goods as aforesaid, and was so engaged when said car was struck as aforesaid; that being in said car without any warning of the approach of said train, or of the danger threatening her, she was, by the said movement of the car, caused by the same being violently struck by the train, thrown violently out of and from said car, through said doorway, to and upon the ground or such obstruction as may have been there, and by such fall she sustained the injuries complained of, which are more minutely described in the verdict.

It is further found, that in order to get into the car the appellee had placed a board about ten feet long and eight inches wide, with one end upon the ground and the other in the iron stirrup under the open door of the car, and then placed a chair upon the ground at the side of such board in such position that she could and did climb upon it, thence to the board and into the car; that in taking the train upon the side track, the appellant or its agents and employes in charge of the same gave no warning of the approach of said train, and did not sound the whistle or ring the bell of the locomotive; that they did not place or have a brakeman or other person at the rear end of said backing train or at the said car for the purpose of watching and controlling the approach of the train, and to make the coupling with the car; that at the time the train so struck said car in which appellee was engaged, the board and chair referred to were in the position as above described, and had been in such position for more than fifteen minutes prior thereto, and that a large quantity of appellee's carpets, parcels of her said household goods, was then, and for more than an hour had been, lying on the ground in front of said open door,

and could have been seen by a brakeman or other employe, had he been in the position required; that appellant's station agent knew that the appellee was, on the evening of the day of the injury, so loading her goods in said car; that he knew, when said train stopped as aforesaid at said station, that appellee was still loading her goods in said car, but that he failed and neglected to make any inquiry or effort to ascertain whether or not appellee had completed the loading of said car, as did also the agents and employes in charge of said train, and said station agent failed and neglected to notify said employes as to the condition of appellee and her said car, or the completion or otherwise of the loading of the car; that appellee had no knowledge or notice of the approaching train so backed in upon the said track, and that no means were afforded her to learn or know of its approach, and that the injuries she sustained were received without any fault or negligence on her part contributing to the same.

Negligence may be defined to be a violation of some legal duty which one person owes to another. If the appellant, therefore, owed the appellee such duty, and failed to perform the same, and by reason of such failure the appellee received the injury complained of, there is a legal liability, unless the appellee, by her own negligence, was instrumental in bringing about the result.

A person engaged at some certain place in some particular business, trade, or occupation to which he either expressly or by implication invites others for the purpose of transacting the ordinary business there, is in duty bound to keep such place in a reasonably safe condition for those so invited, and, failing to do so, any such visitor sustaining an injury solely by reason of such failure has his right of action against the proprietor for the

damages sustained. *Howe* v. *Ohmart*, 7 Ind. App. 32, 33 N. E. Rep. 466.

A railroad company, which is a common carrier of goods, and by its conduct invites or induces the public to use its premises, such as depots and other places set apart for receiving and discharging freight, is under special obligation to keep such premises safe for such use for all persons coming upon the premises to transact business with such company, and among those who are entitled to this protection are such persons as come there for the purpose of delivering or receiving freight. *Shelbyville, etc., R. R. Co.* v. *Lewark*, 4 Ind. 471; *Newson* v. *New York Central R. R. Co.*, 29 N. Y. 383; *Stinson* v. *New York Central R. R. Co.*, 32 N. Y. 333; *Barton* v. *New York Central, etc., R. R. Co.*, 1 Thompson & C. 297; *Chicago, etc., R. W. Co.* v. *Fillmore*, 57 Ill. 265; *Toledo, etc., R. W. Co.* v. *Grush*, 67 Ill. 262; *Illinois Central R. R. Co.* v. *Hoffman*, 67 Ill. 287; *Campbell* v. *Portland Sugar Co.*, 62 Me. 552; *Railroad Co.* v. *Hanning*, 15 Wall. 649; *New Orleans, etc., R. R. Co.* v. *Bailey*, 40 Miss. 395; 1 Thompson Neg., 313.

This duty includes the further one of furnishing to persons lawfully upon the railroad track of such company, engaged in loading or unloading freight, protection from injury by approaching trains or locomotives. In such cases, a person having business with the company of the character indicated, has a right to occupy a position designated by the agent of the company, even if such position be hazardous, and to rely upon the diligence of the company to protect him from danger. *Newson* v. *New York Central R. R. Co.*, *supra;* 3 Lawson's Rights and Rem., section 1193, and authorities cited; *Wabash, etc., R. W. Co.* v. *Locke, Admr.*, 112 Ind. 404.

In the present case, the servants of the company knew, or had good reason to know, that the appellee was in the

box car engaged in storing her goods.  She had no infor-
mation that it was the intention of the appellant to re-
move the car before she had finished loading it, nor was
she informed by the station agent, who had set apart the
car for her use at the designated point on the side track,
that the freight train in question was to back in on such
track for the purpose of coupling the car on to it.  Not
even common diligence was used by the employes in
charge of the train, such as sounding the whistle or ring-
ing the bell of the locomotive, but without any warning
to the appellee, who was excusably ignorant of the ap-
proach of the train, the latter was run against the car at
a rate of speed causing it to move at least four feet, and
that, too, without any brakeman or other person being
upon the rear end of the train or in the vicinity of the
car to give the signals or make the coupling.

Had the station agent notified the appellee that the car
was to be taken by the freight train, or had he informed
the trainmen of the presence of the appellee in or about
the box car, as we think he was in duty bound to do, it
is probable that the accident would not have occurred,
and, if it had, there might be some ground for the claim
now made that negligence on the part of the appellant
was not shown, unless, after such notice to them, the
trainmen in charge had persisted in making the coupling
in the manner in which the jury found it was made, not-
withstanding the notice given them of the presence of
the appellee at the car.

It is our opinion that the facts found by the jury show
culpable negligence on the part of appellant's servants,
for which it should respond in damages, unless the ap-
pellee was herself in some fault.

Nor do we think the finding warrants the conclusion
that there was contributory negligence.  Certainly it can
not be maintained that the appellee was in a place where

she had no right to be, or that she was negligent in remaining in ignorance of the movements of the train. She had a right to assume, without notice to the contrary, that she would be permitted to complete the loading of the car without molestation. The car had been placed at her disposal, and she was storing her goods in it at the precise point where she was directed to use it for that purpose by the appellant's agent. There was an implied agreement that the appellant would protect her from all approaching trains, and that she should not be molested or endangered in her person or property by any act of the appellant or its servants. The mere knowledge of the fact that a freight train had arrived and passed the box car on the main track was no notice to her that such train would enter the side track and endanger her safety by being pushed violently against the car in which she was lawfully engaged in her work of putting away the goods. She was not bound, under such circumstances, to leave the car and watch the movements of the freight train.

The rule of looking and listening has no application to a case where the injured person has been lulled into a feeling of safety by the conduct of the company, through the negligence of which the injury was inflicted. The case is somewhat analogous to one in which a person employed to do work on the railroad track is run over or injured while engaged in such work. It is no want of diligence for such person to become so engrossed in his labor as to be oblivious to the approach of a train, relying, as he may, upon the performance of the duty imposed by law upon the railroad company with reference to him. 2 Thomp. Neg., p. 461, and cases cited.

The appellant's counsel, in their supersedeas brief, also make some complaint of a ruling of the trial court

in the admission of alleged incompetent testimony. The point is stated thus in the brief referred to:

"The appellee was permitted to introduce testimony, over the objections of the defendant, which we contend was incompetent; and without calling attention to all the testimony of this class, we shall only refer to one or two of the errors of the court:

"Error D.—'Q. What would she say about sleeping when she came down stairs?' 'A. She complained of her arm hurting; she said it pained her so she could not sleep.' "

Counsel then proceed to argue the inadmissibility of the testimany quoted, without designating the witness who gave it or referring in any manner to the place in the record where the same may be found.

We do not think this is a compliance with the well known rules of both this court and the Supreme Court, requiring the counsel to point out in their brief the particular page and line of the transcript where the alleged erroneous ruling was made. The court will not search the record in any case, for the appellant, to find the error which counsel assert has been committed. It is the duty of the appellant to establish error affirmatively, and in connection with such obligation, he must direct the court to the place or places in the record where it is made to appear that the error was committed. Elliott's App. Proced., section 440, and cases cited.

We have considered all the alleged errors discussed by counsel, and found none for which the case should be reversed.

Judgment affirmed.

Filed Nov. 28, 1893.