TEXAS & PACIFIC RAILWAY CO. v. M. C. LIVELY.

Delivered November 19, 1896.

**1. Contributory Negligence—Railway Crossing Accident.**

Plaintiff waited for a passenger train going south on the main track to pass, and then crossed to the west of the main track and halted within twenty inches thereof, without looking to the south, while a freight train passed south on a switch track to the west of him. While watching the rear end of this freight train, which was still north of the crossing, he was struck by another freight train which had just before gone south on the west switch track and then come north on the main track, after the passage of the passenger train. He had seen it go south on the switch, but had also frequently seen it before, and never knew it to back north on the main track afterwards. Held, that the trial court did not err in finding him free from contributory negligence.

**2. Same—Recovery Notwithstanding, When.**

Plaintiff can only recover for personal injuries caused by the negligence of another, where he is guilty of contributory negligence, when his danger was made known to defendant in time to protect him by the use of ordinary care, and defendant failed to use such care after discovering him.

APPEAL from Cass. Tried below before Hon. JOHN L. SHEPPARD.

*W. T. Armistead,* for appellant.

*O'Neal & Allday,* for appellee.—If those operating the train could by the use of ordinary care have discovered the appellee standing near the railway track in time to have stopped the train or given warning of its approach, and prevented the injury to appellee, and failed to do so, then such failure was the proximate cause of the injury to plaintiff, and he can recover, although he may have been negligent in stopping so near the track of defendant company that a passing train struck him. Railway v. Lewis, 5 Texas Civ. App., 638; Shearman & Redfield on Negligence (4th ed.), 99, 100, 484; Hilz v. Railway, 101 Mo., 36; Loyd v. Railway, 29 S. W. Rep., 153; Troy v. Railway, 99 N. C., 298; Railway v. Webb, (Ala.) 12 So. Rep., 394; Traction Co. v. Wallace, (Md.) 26 Atl. Rep., 518; Railway v. Bodemer, (Ill.) 29 N. E. Rep., 692; Hammill v. Railway, 20 S. W. Rep., 263; Railway v. White, 84 Va., 498; Dean v. Railway, 107 N. C., 686; Pearce v. Steamship Co.,

153 Mass., 8; Railway v. Ives, 144 U. S., 408; Coasting Co. v. Tolson, 139 U. S., 551.

PLEASANTS, ASSOCIATE JUSTICE.—On September 12, 1894, judgment was rendered for appellee by the District Court of Cass County against appellant for the sum of $2000. The suit was for the recovery of damages for personal injuries received by the plaintiff through the alleged negligence of the servants of the appellant in the operation of a train of cars upon its track in the town of Atlanta. The defenses to the suit were general denial, not guilty, and contributory negligence. Trial was had without a jury, and the defendant excepted to the judgment and appealed to this court.

The facts, as we deduce them from the record, are substantially as follows: The plaintiff was a resident of the town of Atlanta, his place of business being on the west side of the defendant's railway. The track runs about north and south through the town, and its depot is situated just north of Common street, the main thoroughfare of the town. On the day of the accident, the plaintiff, being on the east side of the railway on Common street, between the hours of 12 m. and 1 o'clock p. m., started for his place of business, having an engagement to meet another there on business at the hour of 1 o'clock. When he reached the switch track, east of the main track, the north-bound passenger train was on the main track, and the street was obstructed by it, and plaintiff halted at the east side until the passenger train moved forward to the north and cleared the street, when plaintiff crossed the east switch and the main track, and halted on the west side of the main track, within about 20 inches of said track. This halt was made on account of the presence of a long freight train in front of plaintiff on the western switch track, moving south. While waiting for this train to clear the street, and while watching the rear end of the train, intending to move on as soon as his way was open, plaintiff was struck and knocked down, and dragged some feet, and his right arm broken, by the local freight train, which, after passing on the west switch south to where that switch intersects with the main track, proceeded to back north towards the depot on the main track, and its rear car struck and knocked plaintiff down. Plaintiff was not aware of the presence of this train upon the main track until struck. He had observed this train as it passed south on the west switch in front of the long freight train that was obstructing his passage, before he crossed the east switch. There were a few box cars standing on that switch to the south of plaintiff, which obstructed his view in that direction; but, as he crossed the main track, he did not look to the south of him, but kept his eyes on the long freight train in front of him on the west switch, his head turned northwardly, and he was watching the rear end of that train when struck. The distance of each switch from the main track is about ten feet. Just north of him on the east switch, when plaintiff crossed over that switch, the local passenger

train was standing, it having just come into the yard. The plaintiff had seen the local freight train frequently going south over the west switch to its junction with the main track, and thence continue south on the latter track, but had never known that train to back north on the main track from the southern junction of that track and the west switch, and he did not think another train would be on the main track so soon after the north bound passenger train had left, which had just gone north on that track. The distance from the southern junction of the west switch and the main track was about 200 feet, and the track was straight for several hundred yards, and the view between the junction and the point at which plaintiff was struck was unobstructed.

The evidence was conflicting as to whether or not there was a lookout on the rear end of the train which struck the plaintiff; whether the lookout called to the plaintiff; whether the bell was being tolled by the engineer on that train; and whether the whistle was blown. There was positive evidence both affirming and denying each one of these issues. There was an ordinance of the town forbidding the moving of trains through its streets at a greater speed than six miles per hour; and whether or not the train when it struck the plaintiff was going over six miles an hour was another issue about which the evidence was conflicting. There were conclusions of fact and law filed by the judge, and upon each of the disputed issues of fact noted above the findings of the court were for the plaintiff; and the court also found that the defendant was guilty of the negligence charged in the petition, and that that negligence, without fault or negligence of his, was the proximate cause of plaintiff's injuries. There are seven assignments of error by appellant, which attack alike the court's findings of fact and of law.

Notwithstanding the conflict in the evidence on material issues, we connot say that the conclusions of the court are not sustained by the evidence as to all the material issues of fact. The only conclusion which we think is questionable under the evidence, is that which acquits the plaintiff of contributory negligence. But after much reflection, we find ourselves unable to say that the court's conclusion on this issue is erroneous. It must be remembered that the plaintiff was returning to his place of business, at which place he had an engagement for one o'clock. He was in the main street of the town, when his way was blocked by a freight train immediately in front of him, which was moving forward and would in a moment have his path open. He was familiar with what seems to have been previously the habit of the train which struck him, and that was, when it left the yard of the defendant, on the west switch proceeding south, upon reaching the main track to continue the same course on the latter track; and, further, that but a moment or two before the north bound passenger train had been standing on the main track immediately opposite the spot in the street at which plaintiff was brought to a halt by the moving freight train, seven or eight feet in front of him. We are not prepared to say that the act of the plaintiff in stopping within 20 inches of the main track was one which a man of

ordinary prudence would not have done under like circumstances. Brown v. Griffin, 71 Texas, 654. It does not necessarily follow that one is guilty of negligence who crosses or stops in dangerous proximity to a railway track, without looking along the track to each side of him. Extreme caution would always prompt this, but ordinary caution might not, under all circumstances.

We do not assent to the proposition submitted by appellee, that to relieve a plaintiff of the consequence of his contributory negligence, it is not necessary that the defendant should actually know of the danger to which the plaintiff is exposed; it is enough if the defendant has sufficient notice or belief to put a prudent man on the alert, and he does not take such precautions as a prudent man would take under similar notice or belief. We do not understand this to be the rule established by the decisions of our Supreme Court. The rule obtaining in this State, and the one which obtains in most jurisdictions, as appears from the author from which appellee quotes in support of his proposition, is that a plaintiff can only recover, where he is guilty of contributory negligence, when the defendant's negligence is the proximate cause of plaintiff's injury, when plaintiff's danger was made known to defendant in time to protect plaintiff by the use of ordinary care, and defendant failed to use such care after discovering plaintiff's danger.

The finding that the engineer of the train which struck plaintiff was not in his engine, was an immaterial finding of the court.

The judgment is affirmed.                                    *Affirmed.*