[Civil No. 858.   Filed May 12, 1906.]

[85 Pac. 1072.]

## SANTA FE, PRESCOTT AND PHŒNIX RAILWAY CO., Defendant and Appellant, v. GEORGE S. FORD, Plaintiff and Appellee.

1. Trial—Involuntary Nonsuit.—Under the Arizona statutes the trial court has no authority to direct an involuntary nonsuit.

2. Railroads—Consignees of Freight—Unloading at Invitation of Conductor—Duty of Railroad.—Where plaintiff and his brother were consignees of ice, which was transported in the caboose of defendant's freight train, and upon meeting the train at the station to receive the ice, were told by the conductor that they would have to unload it themselves as he was short of help, and boarded the train and were unloading the ice when the plaintiff was thrown from the car and injured by the making of a coupling, the plaintiff was not a mere licensee on the car, but an invitee and was entitled to protection against the negligence of defendant's employees.

3. Same — Conductor—Authority—Real—Apparent—Scope.— Where defendant's conductor having charge of a freight-train invited plaintiff on the car to remove plaintiff's consignment of freight, he was acting within the scope of his apparent authority and the question as to what was his real authority in the premises was immaterial, in the absence of knowledge or notice to plaintiff of a limitation upon such authority.

4. Same—Contributory Negligence—Instructions to Jury.—An instruction (in an action for injuries to a consignee of freight while

removing same, by the negligence of a railroad company's employees) on contributory negligence, stating that such contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, with the exercise of reasonable care and prudence, have avoided the consequence of the injured person's negligence, was not misleading although it failed to state that such rule applied only on condition that the evidence showed that the defendant actually knew that plaintiff was guilty of negligence or had by his own act placed himself in a position of danger.

5. SAME—SAME—SAME.—An instruction (in an action for injuries to a consignee of freight while removing same, by the negligence of a railroad company's employee) that notwithstanding the fact, if it be a fact, that plaintiff was guilty of contributory negligence he would nevertheless be entitled to recover if it appeared from the evidence not merely that the defendant actually knew, but that defendant "might have known" or "had reason to know" or "reasonably would have known" of plaintiff's contributory negligence or position and negligence and could thereafter, by the exercise of reasonable care, have avoided the accident and injury, lays down too broad a rule of responsibility and is erroneous.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Reversed.

The facts are stated in the opinion.

T. J. Norton, L. H. Chalmers, and U. T. Clotfelter, for Appellant.

Upon the facts shown by the record, plaintiff, while on defendant's caboose, was a bare licensee, to whom defendant owed no duty other than refraining from wantonly or willfully injuring him. 1 Kinkead Com. on Torts, sec. 323; 23 Am. & Eng. Ency. of Law, 2d ed., p. 736; *St. Louis etc. Ry. Co.* v. *Bennett,* 69 Fed. 525, 16 C. C. A. 300; *Kansas City etc. Ry. Co.* v. *Cook,* 66 Fed. 115, 13 C. C. A. 364, 28 L. R. A. 181; *Wilson* v. *Atchison, Topeka and Santa Fe Ry. Co.,* 66 Kan. 183, 71 Pac. 282. The test is, whether the agents or servants of defendant could have possibly foreseen or anticipated that any act done or about to be done, or any word spoken by them or any of them, would result in injury to plaintiff. *Chicago etc. Ry. Co.* v. *Elliott,* 55 Fed. 949, 951-953, 5 C. C. A. 350, 20 L. R. A. 582; *Milwaukee etc. R. Co.* v. *Kellogg,* 94 U. S. 469, 24 L. Ed. 257; 1 Thompson

Com. on Law of Neg., sec. 28; *Lauterer* v. *Manhattan Ry. Co.,* 128 Fed. 540, 63 C. C. A. 38; *Motey* v. *Pickle M. & G. Co.,* 74 Fed. 755, 20 C. C. A. 366-369; *Hoag* v. *Railroad Co.,* 85 Pa. St. 293-298, 27 Am. Rep. 653; *Davis* v. *Chicago etc. Ry. Co.,* 93 Wis. 470, 57 Am. St. Rep. 935, 67 N. W. 16, 33 L. R. A. 654. "It is the universal doctrine that a licensee upon premises must himself assume all the risk of perils and dangers existing thereon or incident to the existing conditions thereof." 1 Kinkead's Com. on Torts, sec. 323; *McCabe* v. *Chicago etc. Ry. Co.,* 88 Wis. 531, 60 N. W. 260; 23 Am. & Eng. Ency. of Law, 2d ed., p. 736. A permission to do a certain thing or act is no justification for the person's acting thereon so as to knowingly place himself in a position of danger. *Railroad Co.* v. *Jones,* 95 U. S. 439, 24 L. Ed. 506; *Irish* v. *Northern Pac. Ry. Co.,* 4 Wash. 48, 31 Am. St. Rep. 899, 29 Pac. 845, 846; *Cincinnati etc. Ry. Co.* v. *Carper,* 112 Ind. 26, 2 Am. St. Rep. 144, 13 N. E. 122.

The business of unloading the ice was a joint undertaking, and whatever negligence there was upon the part of either of the Ford brothers is imputable to the other. *Donnelly* v. *Brooklyn City Ry. Co.,* 109 N. Y. 16, 15 N. E. 733; *Johnson* v. *Gulf etc. Ry. Co.,* 2 Tex. Civ. App. 139, 21 S. W. 274; *Wosika* v. *St. Paul City Ry. Co.,* 80 Minn. 364, 83 N. W. 386; *Bush* v. *Union Pac. R. R. Co.,* 62 Kan. 709, 64 Pac. 624; *Prideaux* v. *City of Mineral Point,* 43 Wis. 513, 28 Am. Rep. 558; *Morris* v. *Chicago etc. Ry. Co.,* 26 Fed. 28; *Payne* v. *Chicago etc. Ry. Co.,* 39 Iowa, 523.

The doctrine of imputable negligence applied to defeat recovery whenever it appears to the court that the relationship of principal and agent existed. *Omaha etc. Ry. Co.* v. *Talbot,* 48 Neb. 627, 67 N. W. 599; *Abbitt* v. *Lake Erie etc. Ry. Co.,* 150 Ind. 498, 50 N. E. 729.

"If the plaintiff sees, or by ordinary care could see, that the defendant has in fact negligently exposed him to the risk of injury, or will probably do so, he can no longer rely upon this presumption, and must use all the additional precautions on his own part, which a person of ordinary prudence would use *in view of the circumstances as they are, and not as they ought to be.*" 1 Shear. & Red. on Neg., sec. 96.

In the case of *Smith* v. *Centennial Eureka M. Co.,* 27 Utah, 307, 75 Pac. 749-756, the court said: "In *Pennsylvania Rail-*

*road Co.* v. *Aspell,* 23 Pa. St. 147, 62 Am. Dec. 323, Mr. Chief Justice Black said: 'It has been a rule of law from time immemorial, and is not likely to be changed in all time to come, that there can be no recovery for an injury caused by the mutual default of both parties. When it can be shown that it would not have happened except for the culpable negligence of the party injured, concurring with that of the other party, no action can be maintained.' 1 Thomp. Com. Neg., sec. 186; Whart. on Neg., sec. 73; 2 Jaggard on Torts, 960; Ray on Neg. Imp. Dut. Pass., 669, 670; *Texas and Pacific Ry. Co.* v. *Moore,* 8 Tex. Civ. App. 289, 27 S. W. 962; *New York etc. Ry. Co.* v. *Perriguey,* 138 Ind. 414, 34 N. E. 233, 37 N. E. 976; *Lewis* v. *Flint & P. Ry. Co.,* 54 Mich. 55, 52 Am. Rep. 790, 19 N. W. 744; *Langridge* v. *Levy,* 2 M. & W. 519; *Carter* v. *Towne,* 98 Mass. 567, 96 Am. Dec. 682; *Crain* v. *Petrie,* 6 Hill, 522, 41 Am. Dec. 765." Also, see, *Green* v. *Los Angeles T. Ry. Co.,* 143 Cal. 31, 101 Am. St. Rep. 68, 76 Pac. 719, 727, 728; *Gilbert* v. *Erie Ry. Co.,* 97 Fed. 747, 38 C. C. A. 408; *Ward* v. *Maine Central Ry. Co.,* 96 Me. 136, 51 Atl. 947, 950; *O'Brien* v. *McGlinchy,* 68 Me. 552; *Sego* v. *Southern Pac. R. R. Co.,* 137 Cal. 405, 70 Pac. 279; *Cary Bros. & Hannon* v. *Morrison,* 129 Fed. 177, 187, 65 L. R. A. 659, 63 C. C. A. 267.

A person is not justified in wholly relying upon the presumption that all other persons will at all times act with prudence and exercise due care. Shear. & Red. on Neg., sec. 92, pp. 138, 139; Beach on Cont. Neg., 2d ed., sec. 3839; 1 Thomp. Com. on Neg., sec. 190, pp. 184-186. This limitation upon the right of a person to indulge or act upon the presumption that others will act rightly and with due care is established in numerous authorities. *Erie Ry. Co.* v. *Kane,* 118 Fed. 223, 234, 55 C. C. A. 129; *Railroad Co.* v. *Houston,* 95 U. S. 697, 24 L. Ed. 542; *Green* v. *Southern Cal. Ry. Co.,* 138 Cal. 1, 10, 11, 70 Pac. 926; *Herbert* v. *Southern Pacific Co.,* 121 Cal. 227, 53 Pac. 651; *Day* v. *Boston & M. R. R. Co.,* 96 Me. 207, 90 Am. St. Rep. 335, 52 Atl. 771; *Gahagan* v. *Boston & M. R. R. Co.,* 70 N. H. 441, 50 Atl. 146, 55 L. R. A. 426; *Giberson* v. *Bangor etc. R. Co.,* 89 Me. 337, 36 Atl. 400; *Neininger* v. *Cowan,* 101 Fed. 790, 42 C. C. A. 20; *Carter* v. *Central Vermont Ry. Co.,* 72 Vt. 190, 47 Atl. 797; *Sandberg* v. *St. Paul etc. R. Co.,* 80 Minn. 442, 83 N. W. 411; *Louis-*

*ville etc. R. Co.* v. *Webb,* 90 Ala. 185, 8 South. 518, 11 L. R. A. 674.

The instructions wherein trial court attempted to state the conditions upon which the plaintiff would be entitled to recover, notwithstanding he was guilty of negligence which contributed to his injuries, are plainly erroneous in their statements of the law and inapplicable. *Herbert* v. *Southern Pac. Co.,* 121 Cal. 227, 232, 53 Pac. 651; *Georgia Pac. Ry. Co.* v. *Lee,* 92 Ala. 262, 9 South. 231; *Johnson* v. *Stewart,* 62 Ark. 164, 34 S. W. 889; *Richmond etc. Ry. Co.* v. *Yeamans,* 86 Va. 860, 12 S. E. 946. The courts, almost without exception, hold that the principle in question applies only after defendant actually discovers plaintiff's situation or peril. *Fritz* v. *Detroit etc. Ry. Co.,* 105 Mich. 50, 62 N. W. 1007; *O'Keefe* v. *Chicago etc. Ry. Co.,* 32 Iowa, 467; *Krenzer* v. *Pittsburg etc. Ry. Co.,* 151 Ind. 587, 68 Am. St. Rep. 252, 52 N. E. 220; *Houston City Ry. Co.* v. *Farrell,* (Tex. Civ. App.) 27 S. W. 942; *Texas Pac. Ry. Co.* v. *Lively,* 14 Tex. Civ. App. 554, 38 S. W. 370; *Hector Mining Co.* v. *Robertson,* 22 Colo. 491, 45 Pac. 406; *Blakesly* v. *Consolidated Ry. Co.,* 105 Mich. 462, 63 N. W. 401; *Glazebrook* v. *West End Ry. Co.,* 160 Mass. 239, 35 N. E. 553; *Tennis* v. *Interstate Consolidated R. R.,* 45 Kan. 503, 25 Pac. 876; *Lockwood* v. *Belle City Ry. Co.,* 92 Wis. 97, 65 N. W. 866; *Eastburne* v. *Norfolk Ry. Co.,* 34 W. Va. 681, 12 S. E. 819; *Morrissey* v. *Bridgeport Traction Co.,* 68 Conn. 215, 35 Atl. 1126; *Edgerly* v. *Union Street Ry. Co.,* 67 N. H. 312, 36 Atl. 558; *Greengard* v. *St. Paul Ry. Co.,* 72 Minn. 181, 75 N. W. 221. The instruction to the jury that the conductor had authority to invite, permit, or request plaintiff to go upon the caboose violated paragraph 1408 of the Revised Statutes of 1901. The court had no right to assume that such authority existed or that the conductor was acting within the scope of his employment. *Texas etc. Ry. Co.* v. *Mother,* 5 Tex. Civ. App. 87, 24 S. W. 79, 80; *International etc. Ry. Co.* v. *Anderson,* 82 Tex. 516, 27 Am. St. Rep. 902, 17 S. W. 1039, 1040.

Alfred Franklin, and A. C. Baker, for Appellee.

An invitation is evident when there is a common interest or mutual advantage, while a license is evident when the object is mere pleasure or benefit to the person using it.   Black's

Accident Cases, sec. 13. Being in the car, under the circumstances he was rightfully there, and the railroad company and its servants owed him the same care to prevent injuring him as it would owe to a passenger on one of its coaches who had paid his fare and had a proper ticket to show for it. *Kowalswaska* v. *New York Ry. Co.*, 25 N. Y. Supp. 184, 72 Hun, 611; *Ryan* v. *New York etc. R. R. Co.*, 115 Fed. 197; *Beard* v. *Connecticut etc. R. R. Co.*, 48 Vt. 101. Plaintiff was justified in assuming that the defendant and its servants would not endanger him while at such work without warning or notice, and in giving his attention to his work he was not guilty of any contributory negligence. *Chicago etc. Ry. Co.* v. *Goebel*, 119 Ill. 515, 10 N. E. 369; *Texas and Pac. Ry. Co.* v. *Volk*, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78; *San Antonio etc. Ry. Co.* v. *Jazo*, (Tex. Civ. App.) 25 S. W. 712. The notice or warning should be definite and sufficient. *Illinois Cent. R. R. Co.* v. *Hoffman, Admx.*, 67 Ill. 287. The plaintiff is not called upon to anticipate any negligence on the part of defendant in running its engine back before the freight was unloaded. *Jacobson* v. *St. Paul Ry. Co.*, 41 Minn. 206, 42 N. W. 932; *Toledo etc. Ry. Co.* v. *Hauck*, 8 Ind. App. 367, 35 N. E. 573; *Central of Georgia Ry. Co.* v. *Duffey*, 116 Ga. 346, 42 S. E. 510; *Watson* v. *Wabash Ry. Co.*, 66 Iowa, 164, 23 N. W. 380. Contributory negligence is an affirmative defense, which must be established by the defendant by a preponderance of the evidence. *Chicago etc. Ry. Co.* v. *Price*, 97 Fed. 423, 38 C. C. A. 239; *Inland and Seaboard Co.* v. *Tolson*, 139 U. S. 557, 11 Sup. Ct. 653, 35 L. Ed. 272; *Washington and Georgetown Ry. Co.* v. *Harmon*, 147 U. S. 580, 13 Sup. Ct. 557, 37 L. Ed. 288. The more recent rule is that even contributory negligence of the party will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 429, 12 Sup. Ct. 679, 36 L. Ed. 493. It is clearly the law that one who has an interest in work to be performed, either as consignee or servant of a consignee, or in any other capacity, and for his own convenience, or to facilitate or expedite his own work, assists the servants of another at their request, or with their consent, is not thereby deprived of his right to be protected against the carelessness

or negligence of its servants. *Welch* v. *Maine Central Ry. Co.*, 86 Me. 552, 30 Atl. 116, 25 L. R. A. 658; *Eason* v. *Railway Co.*, 65 Tex. 577, 57 Am. Rep. 606; *Railway Co.* v. *Bolton*, 43 Ohio St. 224, 54 Am. Rep. 803, 1 N. E. 333; and in a very extended note found in 46 L. R. A. 64.

As to measure of damages, see Watson on Damages for Personal Injuries, sec. 386; Black's Accident Cases, sec. 231; *Clare* v. *Sacramento Ry. Co.*, 122 Cal. 504, 55 Pac. 326; 13 Cyc. 121, and cases cited.

As to the question of the bearing of alleged negligence of I. D. Ford on plaintiff's case, see: *White Sewing Machine Co.* v. *Richter,* 2 Ind. App. 331, 28 N. E. 446; *Adams Express Co.* v. *Darnell,* 31 Ind. 20, 99 Am. Dec. 582; *Ayers* v. *Morris etc. R. Co.,* 29 N. J. L. 393, 80 Am. Dec. 215.

The question of negligence in this case was not a matter of law for the court, but one of fact for the jury. See *Fox* v. *Oakland St. Ry. Co.,* 118 Cal. 55, 62 Am. St. Rep. 216, 50 Pac. 25.

NAVE, J.—George S. Ford, as plaintiff, brought suit against the Santa Fe, Prescott and Phœnix Railway Company, a corporation, as defendant, to recover damages suffered by him on account of personal injuries alleged to have been inflicted upon him as a result of defendant's negligence. The testimony in the case tends to establish the following facts: Plaintiff and his brother were the consignees of ice consigned to them at Wickenburg, Arizona, through the defendant company. The ice was conveyed to Wickenburg in the caboose of one of defendant's freight-trains. When the train reached Wickenburg plaintiff and his brother were at the station to receive the ice. The conductor in charge of the train said to them: "Got lots of ice in here, but you boys will have to unload it yourselves. I am short of help this morning. One of my men is sick." A part of the freight-train, including the caboose, was left on the main track opposite the railroad station while the engine with two or three cars cut loose from the train and proceeded to take some cars from the sidetrack, and couple them into the train. Plaintiff and his brother immediately set about unloading the ice from the caboose while the conductor and a brakeman unloaded freight from another car in the train. The ice was

in cakes weighing about three hundred pounds each. The plaintiff, his face to the ice and his back to the door, dragged the cakes with a pair of ice-tongs to the door of the caboose, and then slid them between his legs upon a truck standing beside the car, where they were received by his brother. While plaintiff was in the doorway of the caboose with his back toward the truck in the act of sliding a cake between his legs, the cars from the sidetrack were coupled into the train. Plaintiff was jarred out of the door and fell against the station platform, striking his back and being seriously injured.

The first assignment of error is that "The court erred in denying the motion of the defendant for judgment for non-suit against the plaintiff, made during the trial and at the close of plaintiff's evidence," upon several enumerated grounds. Under our statutes the court has not authority to direct an involuntary nonsuit. *Bryan* v. *Pinney,* 3 Ariz. 34, 21 Pac. 332; *Roberts* v. *Smith,* 5 Ariz. 368, 52 Pac. 1120. Therefore the court's denial of the motion was necessary, irrespective of the merits of the grounds urged had they been presented in support of the appropriate motion. Furthermore, the abstract of the record does not disclose that the motion in question was made.

The several grounds set forth in support of this assignment of error are each presented in support of the assignment which we shall next consider, and are as meritorious in its support as they would have been in support of the appropriate motion for an instructed verdict at the close of plaintiff's case. This assignment is as follows: "The court erred in refusing to charge the jury as requested by the defendant as follows: 'You are instructed to find a verdict for the defendant,' because it appeared (among other grounds) that plaintiff was a licensee and suffered injury from a danger, the risk of which he assumed when he went on board of the caboose." Under the facts as stated, resolving conflicting testimony in favor of plaintiff, plaintiff was not a licensee; he was an invitee, the consignee of freight, interested in its removal from the caboose, engaged at the request of the agent in charge of the defendant's train,—to wit, the conductor,— in removing from the train merchandise consigned to him. As such he was entitled to protection against carelessness and

negligence of the defendant through its servants whereby injury might result to him.   *Railway Co.* v. *Bolton*, 43 Ohio St. 224, 54 Am. Rep. 803, 1 N. E. 333; *Mason* v. *Railway Co.*, 65 Tex. 577, 57 Am. Rep. 606; *Welch* v. *Maine Central Ry. Co.*, 86 Me. 552, 30 Atl. 116, 25 L. R. A. 658; *Jacobson* v. *St. Paul Ry. Co.*, 41 Minn. 206, 42 N. W. 932; *Toledo etc. Ry. Co.* v. *Hauck*, 8 Ind. App. 367, 35 N. E. 573; *Illinois Central R. R. Co.* v. *Hoffman*, 67 Ill. 287.   In support of this assignment of error, however, it is urged that no testimony was given to show that the conductor of the train had authority to deliver freight directly to the consignee or to authorize the consignee to remove freight from his train.   Whether the conductor had or had not such authority is immaterial.   The plaintiff was present in his own interest, seeking to obtain from the defendant freight to the delivery of which he was entitled.   If the defendant's representative, in charge of that freight, requested plaintiff to remove the consignment from the car, plaintiff, acting in his own interest, was justified in removing it, and was entitled to protection from carelessness or negligence on behalf of defendant's employees.   It was not incumbent upon him, however, before acting as his self-interest dictated, to ascertain the defendant's rules governing the conductor's authority.   What would be the effect of knowledge by him or notice to him of a limitation upon the conductor's authority is a question which does not here arise; and the rule laid down by us must be limited by this fact. We are defining plaintiff's right where he has no knowledge or notice of a limitation upon the authority assumed by the defendant's representative.

A third assignment of error is based upon the fact that the court refused, except with a modification, to give two instructions requested by the defendant.   Each of these was for the purpose of advising the jury concerning the law as to a defense interposed by the defendant that plaintiff was guilty of contributory negligence.   Each instruction as requested was given with the following proviso added thereto: "That the contributing negligence of the party injured will not defeat the action if it be shown that the defendant might, with the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." The objection made to this proviso is as follows: "The jury

were not told either in this or any other instruction given that the rule of law expressed in the proviso applied only upon condition that the evidence showed that the defendant actually knew that plaintiff was guilty of negligence, or had by his own act placed himself in a position of danger." We think the proviso would more exactly state the law if it were framed to meet the objection to it here made, but its language, used in precisely similar context, was approved by the supreme court of the United States in *Inland and Seaboard Coasting Co. v. Tolson,* 139 U. S. 558, 11 Sup. Ct. 653, 35 L. Ed. 270. Both upon that authority, and because it appears to us that the instruction is not so inexact as to mislead the jury, we hold that attaching this proviso to the instructions in question was not error.

A fourth assignment of error is based upon the giving by the court of the following instruction: "Gentlemen, I charged you in connection with the law on the question of contributory negligence in this case, that if you should find that the plaintiff here was guilty of contributory negligence he could not recover in this case. I qualified that with this, that if the defendant company could, by the exercise of reasonable care and prudence have avoided the injury, then that question of contributory negligence of the plaintiff would not prevent his recovery. That, gentlemen, is the law, but there is still another and further modification to be made of that, which is this: That principle applies where the defendant, this company, knew that the plaintiff had been guilty of this negligence, then could have performed some act, or could, by exercising reasonable care and prudence, have prevented the accident, then that qualification would apply; but that only applies in a case where the defendant knew *or might have known* of the contributory negligence and then could have avoided it. If you should find in this case that that was not the fact, and that this was an accident which resulted from the negligence of both of the defendant and the contributory negligence of the plaintiff, and defendant didn't know *or reasonably would not be expected to know* of that negligence, then that principle would not apply; and if both the defendant was negligent and the plaintiff was guilty of contributory negligence then he should not recover. That is, gentlemen, that I may make it clear to you, after all this statement, the

plaintiff must prove negligence on the part of the defendant. If the defendant proves that the plaintiff was guilty of contributory negligence, and that contributory negligence did contribute to the injury, then he cannot recover in this case, unless the defendant knew, *or had reason to know,* of his position and his negligence, and could then, by the exercise of reasonable care, have avoided the accident." The vice of this instruction, it is contended, lies in the words which we have italicized. It advised the jury that notwithstanding the fact, if it be a fact, that plaintiff was guilty of contributory negligence he would nevertheless be entitled to recover if it appeared from the evidence not merely that the defendant actually knew but that defendant *might have known* or *had reason to know* or *reasonably would have known* of plaintiff's contributory negligence or position and negligence, and could thereafter, by the exercise of reasonable care, have avoided the accident and injury. That this instruction would have been open to no criticism if the italicized words had been omitted is beyond question. *Grand Trunk Ry. Co.* v. *Ives,* 144 U. S. 429, 12 Sup. Ct. 679, 36 L. Ed. 485; *Inland and Seaboard Coasting Co.* v. *Tolson, supra.* We have found rulings of the supreme courts of several states in point as to the merits of this instruction. Under the decisions of the supreme court of Missouri the instruction as given is good. *Donohue* v. *St. Louis, I. M. and S. Ry.,* 91 Mo. 357, 2 S. W. 424, 3 S. W. 848. Under the decisions in the following cases this instruction is erroneous: *Johnson* v. *Stewart,* 62 Ark. 164, 34 S. W. 889; *Herbert* v. *Southern Pacific Co.,* 121 Cal. 227, 53 Pac. 651; *Georgia Pac. Ry. Co.* v. *Lee,* 92 Ala. 262, 9 South. 231; *Krenzer* v. *Pittsburg etc. Ry. Co.,* 151 Ind. 587, 68 Am. St. Rep. 252, 52 N. E. 220; *Texas Pacific Ry. Co.* v. *Lively,* 14 Tex. Civ. App. 554, 38 S. W. 370.

We have reached the opinion that the instruction is erroneous. It lays down too broad a rule of responsibility. Under the law it was incumbent upon the defendant to exercise reasonable care and prudence to protect the plaintiff. This was correctly explained to the jury. If, under the circumstances as they existed in this case, it was a reasonable act to make a coupling while the caboose was being unloaded, then that coupling to be lawfully made should have been made with reasonable care for the plaintiff's safety. If

plaintiff was not already familiar with the fact that the couplings might be made while cars were being unloaded, a proper part of defendant's care was so to advise him; and plaintiff's knowledge or want of knowledge is an element in the determination whether he was contributorily negligent. Plaintiff had the right to rely upon it that defendant would conduct all of its operations with a reasonable care for his safety; but the defendant had a corresponding right to rely upon it that plaintiff would not unreasonably or neglectfully expose himself to injury. To require that the defendant should have adopted means to observe whether plaintiff was violating his duty not to be negligent would have the effect to deprive the defendant of this right. These are reciprocal rights upon which rest the doctrine of recovery for injuries caused by negligence and the defeat of such recovery through contributory negligence. The jury may have found that it was reasonable for defendant to make a coupling while plaintiff was unloading the ice, and that plaintiff ought to have anticipated a coupling; but that the coupling was made with unreasonable violence. Then what should have been determined was whether plaintiff acting in the light of the fact that defendant might reasonably make a coupling had taken a position unreasonable and negligent, a position in which he would be likely to be injured should the defendant make the coupling in a reasonable manner. If so, then even if the coupling had been made with reasonable care, plaintiff might have been injured; and if, despite defendant's negligence, plaintiff would have been uninjured had he been reasonably careful himself, he was equally culpable with the defendant. It would follow that the negligence of each having jointly operated to produce the injury, the injured party should not have recovered. On the other hand, if the defendant actually knew that the plaintiff was in a position, though through his own carelessness and negligence, wherein he was in danger of injury, if then by the exercise of reasonable care and diligence defendant could have prevented the injury, and did not do so, the resulting injury verged upon a willful and malicious injury, and the defendant should compensate the plaintiff, despite plaintiff's negligence; for under no circumstances whatever may the defendant willfully and maliciously injure the plaintiff.

What ought to have been known or observed, or would have been known or observed by the exercise of reasonable care, is often a factor in determining the existence of negligence. It is conceivable that facts may have existed, in connection with other facts in this case, which would support an instruction that defendant was negligent, if defendant's servants reasonably could have known of plaintiff's position, and so knowing could, by the exercise of reasonable care, have prevented his injury. This would be applicable, for example, if it was not the custom at that station to couple cars into the train when it was being unloaded, or if plain-tiff had possession of no facts which would reasonably lead him to anticipate such a coupling. Then plaintiff could rely upon having the car stable, and could act accordingly. It would be the duty of defendant, before making a coupling which would jar the car, to use a reasonable care to ascertain plaintiff's position, warn him of the shock or use other means to protect him. A violation of this duty would be negligence. This we state without determining the applicability of such an instruction to the facts. The authorities cited, *supra,* under the second assignment of error discussed are illustrative. But under all situations the defense of contributory negligence must be left intact. By reason of the fact that the instruction under consideration imposed upon the defendant a duty to use care to ascertain whether plaintiff was being negligent it is erroneous.

We find no error in the other instructions complained of, and deem it unnecessary to discuss them at length.

By reason of the error in the instruction just considered, the judgment is reversed and the case remanded for new trial.

SLOAN, J., and CAMPBELL, J., concur.  DOAN, J., dissents.