TOLEDO, PEORIA & WARSAW RAILWAY COMPANY

*v.*

HENRY B. HEAD.

1. NEGLIGENCE—*contributory*. The plaintiff, working upon a bridge across defendant's railroad track, with knowledge of an approaching train, called to his little boy, eleven years old, to lead his horse across the track. In doing so the horse, through fright, escaped and got upon the track and was killed by the train. The proof failed to show negligence in the company: *Held*, that a verdict against the railroad company for the value of the horse could not be sustained; that the plaintiff was guilty of great negligence on his part, and that the law did not require a railroad company to ring a bell at such a place, it being only a farm crossing.

APPEAL from the Circuit Court of Woodford County; the Hon. S. L. RICHMOND, Judge, presiding.

Messrs. BRYAN & COCHRAN, for the appellant.

Messrs. BURNS & BARNES, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The testimony in this case is too uncertain and unsatisfactory to justify an affirmance of the judgment.

One witness only was cognizant of the circumstances attendant upon the killing, and we can not ascertain from his statements that any negligence is to be attached to the company.

This witness and appellee were at work upon a bridge across the railroad track when the latter, with knowledge of the approaching train, called to his little boy, eleven years of age, to lead the horse across the track. In doing so the horse became frightened, escaped from the boy, got upon the track, and was killed by the train.

The witness further testified that the boy had crossed the track of the road and was taking the horse south when he was killed.

We are not informed whether the horse was on the right of way, when he broke loose, nor the distance between the approaching train and the place of crossing.

From such proof we can not infer negligence against the company; but rather very great negligence on the part of appellee.

The order to the boy, in view of the train, and, for aught that appears, so near to the crossing as to render it impracticable to check its impetus before reaching it, was extremely reckless.

The evidence does not show that the accident happened by reason of the neglect to fence the road; and the negligence of appellee exculpates the company from liability on account of such negligence.

The corporation is not chargeable by failure to ring the bell or sound the whistle. The crossing was a farm crossing, and at such place the law imposes no such duty.

The inhumanity and barbarism depicted by appellee's counsel on the part of appellant do not appear in the record.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*