## M. & L. R. R. R. v. KERR.

RAILROAD COMPANIES: *Duty as to stock straying upon track.*

The extent of a railroad company's duty to the owner of stock which has strayed upon its track, is that the engineer in charge of the train at the time, shall use ordinary or reasonable care after he discovers the stock, to avoid injuring it; and it is not negligence for a railroad company to fail to keep a lookout for stock.

APPEAL from *Prairie* Circuit Court, Southern District.

M. T. SANDERS, Judge.

*U. M. & G. B. Rose,* for appellant.

It is not the duty of a railroad to keep a lookout for stock over its whole right of way, or to bring the train under control whenever an animal is seen in proximity to the track. A railroad's duty to guard against injuries to animals first arises when the animal first gets upon the track. *48 Ark., 370; 36 id., 607; 37 id., 593; 39 id., 413; 40 id., 336; 41 id., 161.*

*J. S. Thomas,* for appellee.

The evidence shows gross carelessness on the part of the engineer. Of course the bushes were *conveniently* by the side of the track, according to the engineer's testimony, so as to bring the case within *48 Ark., 366,* but the jury decided the case on the *facts;* there was no error in the instructions, but if they had been given as appellant requested, the verdict would have been the same upon the evidence.

HUGHES, J. This is an action to recover damages for the killing of a mule by the appellant's engine.

The evidence for appellee tended to show that the mule was grazing upon the railroad track, and when the train approached within about one hundred and fifty feet of it, it ran down the track about seventy-five yards, and was struck by the engine and killed; that before it was struck the whistle was sounded several times, but that the speed of the train was not checked.

The evidence for the appellant tended to show that the engineer first saw the mule when it came on the track about one hundred and fifty feet ahead of the engine; that the engineer upon first seeing it, sounded the whistle and called for brakes, and that he was unable to check the train after he first saw it, so as to prevent the engine from striking the mule; that he was keeping a close lookout at the time.

Verdict was given for plaintiff; a motion for new trial was overruled, and the railroad company excepted and appealed.

The court by modifications of the instructions asked for by the appellant, charged the jury, in effect, that if the proof showed that the servants of the company in charge of the train at the time were negligent in keeping a careful lookout, the company was liable    In *L. R. & Ft. S. Ry. v. Holland, 40 Ark., 336*, this court, by Judge SMITH, said: "Ordinary care in the management of their trains is the measure of vigilance which the law exacts of railroad companies to avoid injury to domestic animals, and this means practically that the company's servants are to use all reasonable efforts to avoid harming an animal, after it is discovered, or might by proper watchfulness, be discovered on or near the track."

If the intimation supra, that a railroad company is liable, if the engineer in charge of the train when stock is injured, "might, by proper watchfulness," discover the animal on or near the railroad track in time to avoid injuring it, means that a railroad company owes to the owner of stock that stray upon its track a duty to keep a lookout to prevent injuring it, it states the rule too broadly.

In the *Ry. Co. v. Kirksey, 48 Ark., 366*, it is held that a railroad company owes no duty to the owner of stock which has strayed upon its track, except to use ordinary or reasonable care, at the time, to avoid injury to it, aud that the engineer is not bound to keep a lookout over the entire right-of-way and to apprehend danger when an animal is discovered upon it.

The question as to the duty of an engineer to keep a look-out for stock upon the *track* did not arise in the case.

Each case should be determined upon its peculiar circumstances.

RAILROAD COMPANIES: Duty as to stock, etc.

The extent of the duty which a railroad company owes to the owner of stock upon its track, is that the engineer in charge of the train at the time shall use ordinary or reasonable care, after the stock is discovered by him, to prevent injury to it, and this negatives the idea that the engineer is bound to keep a lookout for stock.

Several States, among them Tennessee and Alabama, have by acts of their Legislatures altered the rule by making it the duty of the engineer to keep a lookout for stock.

There *is* an obligation due to *others* from railroad companies to preserve a strict lookout while running their trains, and as the agents of the company, in the absence of circumstances leading to a different conclusion are presumed to keep such lookout, it is a fair inference of fact for the jury that a watchful agent will see stock on or near the track, and they will then determine whether he has used ordinary or reasonable care to prevent injury to it.

It is error for the court to instruct a jury that it is negligence for a railroad company to fail to keep a lookout for stock.

Reverse and remand.