JOHNSON v. STEWART.

Opinion delivered March 14, 1896.

NEGLIGENCE—QUESTION FOR JURY.—In an action against a street railway company for killing a horse attached to a wagon, the questions whether tying the reins to the dashboard in such manner that the horse cannot move forward without pulling the wagon by his mouth is a negligent mode of fastening the horse, and whether such negligence contributed proximately to the killing of the horse, are for the jury.

STREET RAILWAY—NEGLIGENCE.—A street railway company is not liable for the killing of a horse by its car, where the owner's negligence contributed to the killing, unless its employees discovered the dangerous position of the horse in time to avoid injury. It is not sufficient that they might have become aware thereof by the exercise of reasonable care.

Appeal from Pulaski Circuit Court.

WILBUR F. HILL, Special Judge.

Action by Stewart, Kelly & Co. against Johnson and Fordyce, receivers of the City Electric Street Railway Company, to recover damages for a horse killed by one of defendant's electric cars. From a judgment for plaintiffs, defendants appeal. The facts are stated in the opinion.

*Rose, Hemingway & Rose*, for appellants.

The court erred in its modification of the instructions, particularly of No. 3. 36 Ark. 377. See also 36 Ark. 41; 26 *id.* 3; 46 *id.* 399; *id.* 522; 48 *id.* 124; 60 N. W. 503-4. The modification made by the court practically abolishes the whole doctrine of contributory negligence, which is that where the plaintiff has been guilty of negligence contributing to the injury, the defendant will not be liable unless he has acted wantonly, that is, has failed to use due care to prevent the accident after becoming actually aware of plaintiff's peril.

*Ratcliffe & Fletcher*, for appellee.

1. There is no evidence of contributory negligence on part of appellees.

2. There is a marked distinction in the doctrine of contributory negligence as applied to railroads and street cars. In the one case, until the act of 1891 (Sand. & H. Dig. sec. 6207), parties or stock going upon the roadbed were treated as trespassers, and no duty to keep a lookout was imposed. As to street railways, the rule is

different.   42 Ark. 321; 147 U. S. 571; Booth on Street Railways sec. 306, p. 416.

3.   The act of 1891 (Sand. & H. Dig. sec. 6207) applies to street railways.   54 Ark. 453.   See also 37 Ark. 563; 1 Hun, 378; 3 Wood on Railways, 1853, n. 3, 1858 n. 1.

*Rose, Hemingway & Rose,* in reply.

The decision in 42 Ark. 321, does not bear out the syllabus (see p. 326), and the real decision is in accordance with the established principles of this court.

WOOD, J.   This is an appeal from a judgment for damages against the appellants as receivers of the City Electric Street Railway Company, for the negligent "running down" of a team in the city of Little Rock. The defense was the contributory negligence of appellees in allowing the team to be loose upon the streets. The proof upon this point was detailed by a witness as follows:  "It was the custom to tie the horse to the dash-board of the wagon to which he was harnessed, by tightening the reins until the traces were slack, and the horse could not move forward without pulling the wagon by his mouth.   On the night in question, it was tied in the usual manner at the depot."   While the driver was at the train looking for the mail, the horse strayed off, the witness not knowing how he got loose, and went upon the track of the street railway, and was killed by an electric car.

Negligence a question for the jury.   The facts were undisputed, but fair-minded men, of reasonable intelligence, might very well differ as to whether the method of fastening in proof was proper, if, indeed, it was fastening at all ; and therefore the question as to whether appellees were negligent in pursuing that method, and, if negligent, as to whether such negligence contributed proximately to the injury complained of, was for the jury to pass upon, under proper instruc-

tions. *Railroad Company* v. *Stout*, 17 Wall. 663; Thompson, Neg. 1236; *Detroit & W. R. Co.* v. *Van Steinburg*, 17 Mich. 99; *Carsley* v. *White*, 21 Pick. 256; *Rindge* v. *Inhabitants of Coleraine*, 11 Gray, 157.

Appellants asked the following: "You are in- structed that, even should you find that defendants' em- ployee was negligent, yet, if you should also find from the evidence that the plaintiffs' employee, to whom had been entrusted the care of the team, was likewise guilty of negligence, and that such negligence directly con- tributed to cause the injuries complained of, your ver- dict shall be for the defendants, unless you further find that the defendants' employee in charge of the car be- came aware of the negligence of the plaintiffs' servants in time to have avoided injuring the team by the exer- cise of proper care, and failed to use such care." The court refused this, but modified it by inserting after the words "became aware of the negligence of the plaintiffs' servants," the following, "or might have become aware thereof by the exercise of reasonable care," and gave it as modified, over appellants' objection. The request should have been granted without modification. It was in accord with the rule of contributory negligence an- nounced by this court in several cases. *Harvey* v. *Rose*, 26 Ark. 3; *St. Louis, &c., R. Co.* v. *Freeman*, 36 Ark. 41; *Bauer* v. *St. L., I. M. & So. Ry.*, 46 *id.* 399; *L. R. & Ft. S. R. Co.* v. *Cavenesse*, 48 *id.* 124, cited in brief for appellants.

It is contended, however, for appellees, that a differ- ent rule obtains as to street railways, for the reason that it is the duty of those in charge of a street car, and particularly of the driver, motorman, or gripman, to exercise ordinary care and diligence to ascertain whether the track ahead is clear, in order to avoid strik- ing persons or objects upon or near the same. Booth, Street Railway Law, sec. 306. And it is said that, prior

<div style="text-align: right; font-size: small;">As to negli-<br>gence of a<br>street railway<br>company.</div>

to the act of April 8, 1891, no such duty was imposed upon railroads as to persons and live stock upon their tracks, and hence the difference in the rule. Counsel are mistaken in this; for, prior to the decision of this court in *M. & L. R. R. Co.* v *Kerr*, 52 Ark. 162, and the act of 1891, it was the duty of railroads to "use all reasonable efforts to avoid harming an animal after it was discovered, or might by proper watchfulness, have been discovered, on or near their track." *L. R. &. Ft. S. Ry* v. *Holland*, 40 Ark. 336; *L. R. &. Ft. S. Ry* v. *Finley*, 37 *id.* 562. The act of 1891, so far as domestic animals are concerned, only had the effect to declare the law as it was before the decision of *M. & L. R. R. Co. v. Kerr*, *supra*, overruling former cases. As to persons going upon a railway track not at a crossing, they were regarded as trespassers, and it was not the duty of railroads to keep a lookout for them, and they were guilty of no negligence in failing to do so. Since the passage of the act of 1891, railroads are guilty of negligence if they fail to keep a constant lookout for *persons* as well as property upon their tracks. This statute (of 1891; sec. 6207 Sand. & H. Dig.), it will be observed, imposes upon *railroads* practically the same duty as was imposed by the common law upon street railway companies, namely, to keep a lookout for persons and property upon their tracks; and it is unnecessary for us to consider whether the term "railroad," as used in the act, was intended to include *street railways*. It may be conceded that a like principle is now applicable to both; but neither the common law duty of street railways, nor the statutory duty of railroads to keep a constant lookout for persons or property upon their tracks, abrogates the cardinal doctrine of contributory negligence.

The modification, if approved, would virtually rehabilitate the old case of *Davies* v. *Mann*, 10 M. & W. 546, which ignores the doctrine of contributory negli-

gence, and teaches the exploded heresy of comparative
negligence. This case was cited with approval in *L. R.
& Ft. S. Ry.* v. *Finley, supra,* relied upon by counsel for
appellee. But in that case the plaintiff was not guilty
of any *contributory negligence,* and the approval of the
principle announced in *Davies* v. *Mann* was not necessary
to the decision of the question then before the court, and
therefore the quotation of the learned judge from that
case was dictum. Certain it is that the doctrine of com-
parative negligence has no place in our law, and the fun-
damental rule of contributory negligence, when proved
as a defense in actions of this kind, still prevails, not-
withstanding the decision of this court in *Citizens Street
Ry.* v. *Steen,* 42 Ark. 321. The opinion of the learned
judge in that case, however, doubtless misled the lower
court into the error under consideration, for it approved
a charge as a whole which, along with other requests
stating the law of contributory negligence correctly, also
contained one employing language similar to the modifi-
cation which the court gave in this case. It seems, how-
ever, from the comments of the judge upon the charge in
*Citizens Street Ry* v. *Steen, supra,* that the attention of
the court was not specifically directed to the point we are
considering; "for," says he, speaking of the charge, "it
explained to them that, though some negligence might
be shown on the part of plaintiff, yet if the defendant,
*knowing of that negligence,* might, by the exercise of
ordinary care, have avoided same, an action would lie for
the plaintiff." Continuing, he says: "They were told
that if the plaintiff, by her own negligence, contributed
to the injury, the company would not be liable, unless
the injury was wilful, or unless it resulted from the want
of ordinary care on its part to avert it after the negli-
gence of plaintiff had been discovered,"—thus showing
that the judge delivering the opinion had in mind the
doctrine of contributory negligence as it had been before

declared by this court. [And the same has been frequently announced since.] But he seems to have overlooked the fact that the use of the words "or by reasonable diligence might have been discovered," in the first instruction asked by plaintiff in that case, and which are similar to the modification added by the court to the third request of appellant in this case, added a qualification so important and far reaching as to even overturn the very doctrine of contributory negligence which he was announcing; for it must be seen that, if this principle be sound, it sweeps away every duty and obligation of the plaintiff to exercise ordinary care for the protection of himself and property. He may be reckless of danger, and heedless of consequences, either deliberately or carelessly putting himself or his property upon the tracks of railroads in front of moving trains; and yet, if it can be shown, in case of injury, that it might not have happened if the defendant had exercised ordinary care to discover the situation, the plaintiff may still recover. In other words, it matters not how careless or reckless the plaintiff may be in contributing to his own hurt, the defendant, nevertheless, is liable if he has also been negligent. This would be erroneous and unjust. The true rule, which no amount of amplification can simplify, is that, whenever the negligence of the plaintiff contributes proximately to cause the injury of which he complains, the defendant is not liable. Beach, Cont. Neg. sec. 27; *O'Keefe* v. *Chicago, &c. R. Co.* 32 Iowa, 467; 4 Am. & Eng. Enc. Law, p. 17, 4 note, 3, Pierce; Railroads, 323. But, notwithstanding the prior negligence of plaintiff, if the defendant has discovered his situation in time to avoid injuring him by the use of ordinary care, and fails to exercise such care, then the defendant is liable; for in such a case the defendant would be guilty either of wilful negligence or of negligence which might be said to be the proximate cause of

the injury; while the negligence of the plaintiff would be but the remote cause, or a mere condition of the injury. Beach, Cont. Neg., sec. 55. However differently the rule may be stated, the above is in accord with the established doctrine of our own court, and the decided weight of authority. Beach, Cont. Neg., secs. 8, 27, 35, 54, 55; *Butterfield* v. *Forrester*, 11 East, 60; Shearman & Redfield, Neg., sec. 99; Thompson, Neg., p. 1155, sec. 7, p. 1157, sec. 8; *Nelson* v. *Railroad Co.*, 68 Mo. 593; *Morris* v. *Railroad Co.*, 45 Iowa, 29; *Keefe* v. *Railway Co.*, 60 N. W. 503, and cases cited. See also as to contributory negligence where live stock is killed, *Forbes* v. *Railroad Co.*, 76 N. C. 454; *Indianapolis, &c., Railway Co.* v. *Caudle*, 60 Ind. 112; *Cincinnati, &c., R. Co.* v. *Street*, 50 Ind. 225; *Toledo, &c., R. Co.* v. *Head*, 62 Ill. 233; *Jeffersonville, &c., R. Co.* v. *Adams*, 43 Ind. 402; 3 Wood, Railroads, sec. 418, note; *Williams* v. *Railroad Co.*, 11 Am. & Eng. Ry. Cases, 421.

For the error indicated, reverse the judgment, and remand the cause.

---

[NOTE.—As to the duty of a railroad company to maintain a lookout on a train, see note to *Smith* v. *Norfolk & S. R. Co.*, (N. C.) 25 L. R. A. 287.—REP.]