Prather v. K. C. & N. Con. Ry. Co.

E. V. PRATHER, Respondent, v. KANSAS CITY & NORTHERN CONNECTING RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 2, 1900.

1. **Railroads: KILLING STOCK: FENCING TRACK: CONTRIBUTORY NEGLIGENCE.** If an animal is hurt at a point on a railway track where the same is required to be fenced and it has not been fenced, the company is liable regardless of the fault of the owner; but it is otherwise if the accident happens where the track is not required to be fenced.

2. ———: ———: **STATION GROUND: JURY QUESTION.** Whether an animal was killed in the station grounds and where it was unsafe to maintain cattle-guards or within reasonable switch limits, are questions for the jury.

3. ———: ———: ———: **DEMURRER TO THE EVIDENCE.** If it be conceded that an animal is struck where the railroad company is not required to fence, the question of contributory negligence may be raised by demurrer to the evidence; but where that fact is controverted the demurrer is properly refused.

4. ———: ———: **CATTLE-GUARDS: JURY QUESTION.** Whether a railroad company could have safely constructed cattle-guards at a given point is controverted in the evidence, the court can not by peremptory instruction take the question from the jury.

5. ———: ———: **EVIDENCE: TOWN PLAT.** Where railroad tracks do not intersect the streets of an adjoining town, the plat of such town is not admissible in evidence in an action for killing stock by reason of a failure to fence.

Appeal from the Clay Circuit Court.—*Hon. Elbridge J. Broaddus,* Judge.

AFFIRMED.

*J. G. Trimble* and *W. R. Thurmond* for appellant.

(1) The court should have given the peremptory instruction requested by defendant at the close of plaintiff's evi-

dence, to find for defendant upon the first count of plaintiff's petition. Milburn v. Railway, 86 Mo. 104; Railroad v. Phillipi, 20 Kan. loc. cit. 12. (2) The new road along the defendant's right of way and crossing its track 136 feet south of the station, was a *de facto* road and defendant had no right to fence it up or obstruct it. Jackson v. Railroad, 66 Mo. App. 506; Roberts v. Railroad, 43 Mo. App. 287, loc. cit. 293. It is therefore evident that the station of the defendant was completely surrounded by public roads and the distance between the public road on the north and that on the south, according to the county surveyor, is just 244 feet. Wright v. Railroad, 56 Mo. App. 367. (3) The court erred in refusing to admit in evidence the plat of Avondale. R. S. 1889, sec. 7313; Elliott v. Railroad, 66 Mo. loc. cit. 684; Meyer v. Railroad, 35 Mo. loc. cit. 356. (4) The court erred in refusing to instruct the jury, at the close of all the evidence, to find for the defendant upon the third count of plaintiff's petition, for the reason that the point where the horse came upon the track was within switch limits, station gounds, and upon platted property. (5) The court erred in refusing to give defendant's instruction number 9 for the reason that the undisputed testimony shows that to construct cattle guards with the necessary wing fences, to make them of any utility, would have endangered the safety of defendant's passengers and employees. (6) The court erred in refusing to give instruction number 10 requested by the defendant. Pearson v. Railway, 33 Mo. App. 543, loc. cit. 547; Grant v. Railroad, 56 Mo. App. 65; Jennings v. Railway, 37 Mo. App. 651; Lloyd v. Railway, 49 Mo. 199; Swearingen v. Railroad, 64 Mo. 73. (7) Sec. 2611 (1105, R. S. 1899) covers damages to such stock as "escape" from their owners' inclosures. The mule did not "escape." Plaintiff can not recover under 2611. His action, if any he have, is for negligence in operation of trains.

*Leach, Day & Sparks* and *Martin E. Lawson* for respondent.

(1)   The peremptory instruction requested by defendant as to the first count, was properly refused.   Donovan v. Railroad, 89 Mo. 147; Wilson v. Railroad, 87 Mo. 431. This was one of the vital and disputed questions at the trial, and, there being evidence pro and con, the trial court submitted the question to the jury on proper instructions. Vanderworker v. Railway, 51 Mo. App. 166; Pearson v. Railroad, 33 Mo. App. 543.   (2)   The plat of Avondale was properly rejected.   It is not the right of way which the law requires to be fenced, but the road.   Emmerson v. Railroad, 35 Mo. App. 621.   It is therefore plain that the plat would have furnished no evidence of streets crossing the track.   Ells v. Railroad, 48 Mo. 231; Brandenburg v. Railroad, 44 Mo. App. 224; Vanderworker v. Railroad, 51 Mo. App. 166.   (3)   We are unable to give assent to appellant's claim that at the close of the whole case, "it was conclusively shown that the ground in question was necessary for station grounds and switch limits, and that it was necessary to keep it open for the use of the public."   Nearly every one of plaintiff's witnesses testified as to the business transacted there, and as to use made of the track and grounds at that time.   Rozelle v. Railroad, 79 Mo. 349.   (4)   The defendant's instruction number 10, was properly refused.

SMITH, P. J.—This is a suit which was brought under section 2611, Revised Statutes to recover damages for the killing of a mule and a horse, the property of plaintiff.   The two animals were killed at different times and at different places, although the places where they were killed, or where it is claimed they came upon the track, were very close together.

The plaintiff was the owner of a farm consisting of eighty acres of land. About the year 1890 the Winner road had condemned a right of way and constructed a railroad through it. About 1896, or 1897, the defendant purchased that portion of the said Winner road beginning immediately north of plaintiff's land and extending to the town of Smithville; but did not purchase that portion of it which was constructed through the plaintiff's land, but had some lease or license to use it as a switch track, and also to use the building known as Avon station. The defendant joined or connected its road with the Winner road at a point north of the plaintiff's land using a part of the Winner right of way from twenty to fifty feet wide. At the time of the killing of the stock in question, there was a platform opposite Avon station, between the tracks of the two companies, upon which the defendant landed passengers from its trains. Later, another platform was built on the east side of the defendant's tracks, but the Avon station house has always been used by the defendant as a station and shelter for its passengers.

Prior to the building of defendant's railroad, a county road came down from the northeast and crossed the Winner road about 200 feet north of Avon station. The Winner road was inclosed by fences upon the west, the fence from the north end running up and joining to the bridge across Rock Creek, and also extending from the south end of this bridge to the gate at the end of the Prather lane. Upon the south of that portion of the right of way in question the barn lot fence joined the trestle. The public road was upon the Winner railroad right of way, and ran on down past the station on the west. When the defendant's railroad was built, the traveling public generally, instead of crossing the track north of the station, came down on the

defendant's right of way and crossed the tracks about 150 feet south of the station.

The testimony of Arthur Prather, a son of the plaintiff, was that the mule was killed about thirty feet south of where this new road crossed the defendant's track by a train coming from the south. This would be between 150 and 175 feet south of the center of the station. The further testimony of this boy is that upon the night that the mule was killed, he was driving it toward the pasture; he turned it out of the gate (that is to say, the gate about 175 feet north of the station, being the gate to the lane going up to Prather's house) and drove it over to the pasture. By pasture he meant the field upon the east side of the plaintiff's right of way. He drove it down past the station, driving it diagonally across the Winner railway track but he did not see it after it got on the Winner track at about the point where the public road as changed crossed it until he saw the train coming. He then saw it about thirty feet below this road crossing upon the track of the defendant's road and at that time he saw the train coming. He seemed to have it in charge and be driving it until he got it on the Winner track, heading for the track of defendant, at which time he paid no further attention to it except that he saw it on the defendant's track and saw the train coming. He made no effort to get it off the track. It further appears from his testimony that he went down to the station every night to meet the train and get papers, and he knew the time that the train arrived.

With reference to the killing of the horse, the testimony on the part of the plaintiff, was that on the night before the killing, the horse was put in a pasture on the east side of the defendant's railway track. There was a fence upon the east side of defendant's right of way which is the west fence of this field. This fence was built from the road

on the north of the field down to a point within about 100 feet of the south end of the trestle and there it ended leaving a space of about fifty feet which was not fenced. It was through this opening that plaintiff turned his horse into the field. No one saw the horse killed and the indications were that it was killed north of the station. There was some testimony on the part of the plaintiff that they tracked it from the opening in the fence along the track of the defendant company to a point where it was apparently knocked off the track and its leg broken.

The plaintiff had judgment in the circuit court and defendant has appealed.

The defendant complains of the action of the court in refusing its instruction telling the jury that under the evidence the plaintiff was not entitled to recover on the first count of its statement.

If the plaintiff's mule was struck and killed by defendant's locomotive engine at a point on its railway track where it was required by law to fence the same and had not done so, then it was liable without reference to the question of the fault of the plaintiff. Railway v. Ross, 37 Ind. 545; Railway v. Head, 62 Ill. 233. If the defendant was not required to fence its track at the point where the plaintiff's mule entered thereon and was killed, we see no reason why it may not successfully invoke the application of the principle of the rule announced in the case of Milburn v. Railway, 86 Mo. 104.

Whether the plaintiff's mule entered upon the defendant's railway track where it maintained a station and grounds in connection therewith for the transaction of business with the public and the receipt and discharge of freight or passengers, and where it was necessary to keep the grounds open and unfenced for the use of the public, and where it would have endangered the safety of the defend-

ant's employees to have placed cattle guards, or whether the place where the plaintiff's mule entered on the defendant's railway track was within such switch limits as were reasonably necessary, regard being had to the nature and situation of the place, and the use made of that part of defendant's road were all issues of fact which were for the jury and not the court to decide.  These issues were submitted to the jury by the instructions of both parties.  If the affirmative of these were found, then the defendant was not required to fence its railway track at the place where the plaintiff's mule entered upon the defendant's railway track.  Morris v. Railway, 58 Mo. 78; Russell v: Railway, 83 Mo. 507; Lloyd v. Railway, 49 Mo. 199; Chouteau v. Railway, 28 Mo. App. 556; Johnson v. Railway,, 27 Mo. App. 379; Pearson v. Railway, 33 Mo. App. 543.

Had it been conceded, as it was not, that the defendant was not required to fence at the place where the mule entered upon the defendant's railway track, then, we think, the question of contributory negligence on the part of the plaintiff could have been properly raised by the defendant's demurrer.  But as this was a controverted issue of fact for the jury to determine from all the evidence, the court could not, as a matter of law, declare that the plaintiff was not entitled to recover even if it was disclosed by his evidence that he was at fault in permitting his mule to enter on the defendant's track at the place where it was killed.  It follows that the action of the court in denying the defendant's said demurrer was proper.

Whether the defendant's trains, when stopping at the station, cleared the new road crossing south of the station was a question of fact about which there was a conflict of evidence.  If the defendant's trains while stopping at the station did not extend to the new crossing, then there seems to have been no reason why the grounds adjacent to the sta-

tion should have been left open at such crossing or where the plaintiff's mule entered on defendant's railway track in so far as the requirements of the station were concerned. It was something like 1,739 feet from the head of the switch down to the new road crossing and whether the switch of this length was needed by the defendant at this station for the handling of its cars is very doubtful under the evidence. The mule, as has been stated, entered upon the defendant's track from the south side about thirty feet south of the new public road crossing, and under the evidence the jury might have very well concluded that it was the defendant's duty to have fenced its track at that point; so at last it was a question for the jury to determine from all the evidence whether or not the plaintiff's mule entered upon the defendant's railway track at a point where it was required to fence.

And as to the liability of defendant under the third count of his statement, it is sufficient to say that since it is disclosed by the evidence that the horse escaped from a field on the east side of defendant's road at a point south of said new road crossing near where the plaintiff's mule was killed and where the defendant's railway track was unfenced, that what has been said in respect to the liability of the defendant for the injury to the latter is equally applicable to that of the former. If the plaintiff was entitled to recover damages for the loss of the mule, the same is true as respects the horse.

The defendant further objects that the court erred in refusing to give its ninth instruction which declared that under the evidence the defendant was not required to construct cattle guards on either side of the public road crossing south of the station and that a failure to do so was not negligence. The court under the evidence, could, as a matter of law, no more declare that the defendant was released from

this requirement than it could that to fence. The question in either case was one for the jury to determine.

We do not think the court erred in refusing the defendant's tenth instruction, since the theory thereof is sufficiently asserted in others that were given.

The defendant further assigns as error the action of the court refusing to admit in evidence the plat of Avondale station. The ground covered by this plat abutted against the right of way of the Winner road, opposite to the defendant's station. The defendant acquired by condemnation a strip of from twenty to fifty feet of this platted ground as an addition to its right of way, but as it does not appear that the defendant's track intersected any street designated on said plat, no reason is seen why it could not have fenced between its track and the platted ground at the place where the plaintiff's animals entered on its track; and this being so, the court properly refused to admit the plat in evidence.

The case was fairly submitted to the jury upon unexceptionable instructions covering every conceivable issue in the case, and the verdict is therefore conclusive on us. The judgment must be affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.