COOK *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered October 15, 1923.

1. RAILROADS—CARE IN OPERATION OF HAND-CAR.—While the statutory duty of keeping a lookout applies only to the operation of trains, and not to motor cars operated on a railway track, it is the duty of persons operating such cars to maintain a lookout when approaching a public crossing.

2. RAILROADS—NEGLIGENCE A QUESTION FOR JURY.— In an action against a railroad company for injuries to the plaintiff when struck by a motor-car at a railroad crossing, *held* that whether the defendant was negligent was a question for the jury under the evidence.

3. RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.— Where there was testimony that, before driving on the railroad track, plaintiff slowed up his team almost to a stop, and looked and listened, and saw and heard nothing, it was a question for the jury to determine whether, the exercise of ordinary care required plaintiff to make a full stop before driving upon the track.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*A. D. Whitehead,* for appellant.

The court erred in directing a verdict for the defendant. 115 Ark. 346; 97 Ark. 405; 33 Cyc. 1019; 22 R. C. L. 1027; 138 Ark. 589; 137 Ark. 6.

*Thos. B. Pryor* and *Daggett & Daggett* for, appellee.

A traveler approaching a railroad crossing is charged with the knowledge that it is a place of danger, and that he must therefore exercise that degree of care which an ordinarily prudent person would exercise under similar circumstances. 117 Ark. 457; 56 Ark. 457; 54 Ark. 431; 81 Ark. 325; 136 Ark. 1; 137 Ark. 6; 138 Ark. 589.

SMITH, J. Plaintiff, Alex Cook, sued to recover damages to compensate a personal injury which he sustained by being struck by a motor-car operated by the defendant railroad company while attempting to cross the railroad track at Pillow's crossing, in Phillips County. He sought to prove that his injuries were received as a result of the negligence of the employees of the railroad

company in failing to keep a lookout at the crossing and in running the car at an excessive speed as it approached the crossing. There was testimony from which the jury might have found that the railroad was negligent in one or both of these respects. The defendant denied the material allegations of the complaint, and pleaded contributory negligence of the plaintiff in bar of the action. At the conclusion of all the testimony heard at the trial, counsel for the railroad company submitted the proposition to the court that the defendant railroad company was entitled to have the jury return a verdict in its favor, on the ground that the evidence showed that the plaintiff was guilty of contributory negligence. This view was accepted by the court, and a verdict in favor of the defendant was directed, and this appeal is from the judgment rendered on that verdict.

Plaintiff and his son, Henry Cook, and a man named Shelton, were driving west from Helena, in a two-horse wagon owned by plaintiff, about half-past four one afternoon. The road on which they were driving entered a cut in the earth, which began about thirty-five or forty yards from the railroad track, and was about six or seven feet deep at the point where the public road crossed the railroad track, and, as the crossing was a surface crossing, the railroad track was, of course, six or seven feet lower than the top of the ground, and the railroad track runs in this cut for about seventy-five yards before it crosses the public road.

Henry Cook testified that he was driving the wagon, and that the team had been in a slow trot until he arrived at the top of the little hill, when he checked up the team and looked in both directions, but he neither saw nor heard anything. The other occupants of the wagon also testified that they too looked and listened, without seeing or hearing anything. The witness Henry Cook testified that, for the distance of thirty-five or forty yards through the cut to the railroad track, he drove in a slow walk, and, just before reaching the track, slowed the team

up almost to a stop, when he and the other occupants of the wagon looked and listened, but they saw nothing and heard nothing, and the witness drove on to the track, and, as he did so, he saw the motor-car approaching a short distance away. There was no escape except to drive forward rapidly, and this the driver did by striking the animals to accelerate their speed, but, before the wagon was entirely across the track, the motor-car hit the rear wheel of the wagon and overturned it, and injured the plaintiff.

The testimony tends to support the inference either (1) that no lookout was being kept by the persons on the motor-car; or (2) that, if a lookout was being kept, the car was being operated at a speed so great that it could not have been stopped before striking the wagon; or (3), that no effort was made by the operator of the car to avert the collision. The railroad company offered no testimony in explanation of its part in the collision, and rested its case upon the theory that plaintiff had been guilty of negligence contributing to his injury, and that a recovery would be defeated on that account.

We have held that, while the statutory duty of keeping a lookout applies only to the operation of trains, and not to motor-cars, there might be a common-law duty to keep a lookout even on a hand-car. *St. L. S. W. Ry. Co.* v. *Mitchell,* 115 Ark. 339. The case just cited announces the duty of the railroad company to use ordinary care, under given circumstances, and the circumstances of this case must be taken into account in determining whether that degree of care was used by the employee of the railroad company who was running the car. There was a question therefore for the jury as to whether the employee of the railroad company was negligent.

This, however, does not appear to be the question which prompted the court to instruct a verdict in favor of the railroad company, as the court's action was based upon a finding that the undisputed evidence showed plaintiff was guilty of contributory negligence.

We do not think it must be said, as a matter of law, that plaintiff was guilty of contributory negligence. He and the other occupants of the wagon testified that they looked and listened as they drove into the cut, and that they practically stopped just before driving on to the track, and that they saw nothing and heard nothing.

Learned counsel for the railroad company insist the wagon should have come to a full stop. But we think this was a question for the jury, as the jury might have found that the stop made was sufficient to enable the occupants of the wagon to see anything visible or to hear any anticipated noise. There was nothing to be seen, as the car was itself coming through the cut in the hill, and it was a question therefore for the jury to determine whether the exercise of ordinary care required plaintiff to make a full stop before driving out of the cut on to the railroad track. The car was a hand-car operated by a motor, and the whistle was not blown nor was the bell rung, and this was not required of the railroad company, as the motor-car had neither bell nor whistle, but these were signals which one expects to hear as a train approaches a crossing, and plaintiff may have slowed down sufficiently to have heard these signals had they been given, and the jury might have found that one who had taken these precautions was not negligent in failing to anticipate that a motor-car would be driven over the crossing at a speed so rapid that it could not avoid striking the wagon. *St. L. S. F. R. Co.* v. *Stewart,* 137 Ark. 6; *Smith* v. *Mo. Pac. Rd. Co.,* 138 Ark. 589; *Billingsley* v. *St. L. S. F. Ry. Co.,* 136 Ark. 1; *St. L. I. M. & S. R. Co.* v. *Kimbrell,* 117 Ark. 457.

For the error in directing a verdict against the plaintiff the judgment will be reversed, and the cause remanded for a new trial.