MISSOURI PACIFIC RAILROAD COMPANY *v.* JONES.

Opinion delivered October 13, 1930.

R. E. *Wiley* and *Henry Donham,* for appellant.

J. H. *Lookadoo,* for appellee.

McHANEY, J. Appellee brought this action against appellant to recover the value of a hound dog, killed by the operation of a motor car on the track of appellant near Okolona, Arkansas. Appellee had loaned his dog to Tom Beard to go rabbit hunting. Beard and two others, with two other dogs, had been hunting for some time and had started home. They came to the railroad track and were walking north on the track, approaching a road crossing about a quarter of a mile away. It was necessary to cross a bridge about 100 feet long. Two of the boys had crossed the bridge, as well as one of the dogs. Beard was some distance behind walking toward the bridge when he saw appellant's motor car coming south, meeting them. Appellee's dog got on the bridge and was attempting to cross, when it was struck by the motor car. The track was straight for a considerable distance ahead. There was a verdict and judgment for appellee in the sum of $50.

For a reversal of the case it is first urged that the court erred in refusing to direct a verdict in appellant's favor at its request, on the ground that Beard, who had

charge of appellee's dog, was guilty of such contributory negligence as to bar appellee's right of recovery. We cannot agree with the appellant in this contention, as the proof shows that Beard was some considerable distance behind the dog when it was struck by the motor car, and could not have reached him in time to save him after he discovered the motor car coming down the track. Moreover, there was some proof that the other two boys who were hunting with Beard endeavored to get the dogs off the track and succeeded in getting two of them off, one of which had gotten on the bridge, but got away before being struck. The court submitted the question of the contributory negligence of Beard to the jury under proper instructions, and we think the evidence was sufficient to take this question to the jury.

It is next insisted that the court erred in giving appellee's instruction No. 1, and in modifying appellant's instructions Nos. 2 and 3, and in refusing to give its requested instruction No. 4. Instruction No. 1, given at appellee's request, reads as follows:

"The jury are instructed that it was the duty of the defendant's employees in charge of the operation of the motor car to exercise ordinary care to observe persons and property on defendant's track, and to exercise such care to avoid injuring such property after the same is discovered. So, in this case you are told that it was the duty of defendant's servants to exercise ordinary care to observe plaintiff's dog on its track, and to exercise this degree of care to avoid striking the dog after it was discovered on the track; and if you find from a preponderance of the evidence that defendant's servants in charge of the car failed to exercise such care to discover the dog on the track, or negligently failed to avoid striking the dog after discovering him on the track, then the defendant would be liable to plaintiff for the death of his dog, and you will so find; provided, you do not find that the persons in charge of the dog at the time it was struck

were guilty of contributory negligence as defined in these instructions.''

The effect of this instruction was to tell the jury that it was the duty of appellant's employees in charge of the operation of the motor car to exercise ordinary care to observe appellee's dog on its track, and that, if they failed to exercise ordinary care to discover the dog on the track, the appellant would be liable for the death of the dog. We think this states the law too broadly. It must be remembered that this dog was not killed by the operation of a train, but by the operation of a hand-car, propelled by a motor instead of by hand. The lookout statute, § 8568, C. & M. Digest, does not therefore apply. *St. L. Sw. R. Co.* v. *Mitchell,* 115 Ark. 339, 171 S. W. 895; *Cook* v. *Mo. Pac. Rd. Co.,* 160 Ark. 523, 254 S. W. 680. In the latter case it was held that, while the lookout statute applies only to the operation of trains, and not to motor cars, it is the duty of persons operating a motor car to keep a lookout at or near public crossings, not by the virtue of the lookout statute, but because of the duty imposed upon railroad companies by the common law. In *L. R. & Ft. Smith Ry. Co.* v. *Holland,* 40 Ark. 336, this court said: ''Ordinary care in the management of their trains is the measure of vigilance which the law exacts of them in their relations to the owners of such animals. And this means practically that the company's servants are to use all reasonable efforts to avoid harming the animal, after it is discovered or might by proper watchfulness have been discovered to be on or near the track.'' In *Memphis & L. R. R. Co.* v. *Kerr,* 52 Ark. 162, 12 S. W. 329, 5 L. R. A. 429, 20 Am. St. 159, the court corrected or limited the broad language used in the quotation above, and said: ''If the intimation, *supra,* that a railroad company is liable, if the engineer in charge of the train when stock is injured, 'might, by proper watchfulness,' discover the animal on or near the railroad track in time to avoid injuring it, means that a railroad company owes to the owner of stock that stray upon its track a duty to

keep a lookout to prevent injuring it, it states the rule too broadly." A little later on in the same case the court said: "The extent of the duty which a railroad company owes to the owner of stock upon its track is that the engineer in charge of the train at the time shall use ordinary or reasonable care, after the stock is discovered by him, to prevent injury to it, and this negatives the idea that the engineer is bound to keep a lookout for stock." After the decision of the Kerr case, *supra*, the Legislature passed what is commonly known as the lookout statute, which was amended, and the provisions thereof extended by the act of May 26, 1911, page 275, which is now § 8568, C. & M. Digest. In *Ark. Short Line* v. *Bellars,* 176 Ark. 53, 2 S. W. (2d) 683, this court by Mr. Justice Wood, in defining the duty of railroad companies to trespassers and bare licensees, said: "In many cases before the lookout statute, which does not apply here, this court has held that a railroad company owes trespassers and bare licensees no affirmative duty of care, and only the duty not to willfully or wantonly injure them, or the duty to exercise ordinary care not to injure them, after discovering their peril and inability to escape. To bare licensees railroad companies owe no affirmative duty of care, for such licensees take their license with the concomitant perils." Citing cases.

We therefore conclude that the court erred in giving appellee's instruction No. 1, because it placed the duty upon the railroad company to keep a lookout for persons and property on the track in the operation of a motor car. As to appellant's instructions 2 and 3, which were modified, and requested instruction No. 4, which was refused, we think these instructions were covered by a correct instruction given by the court at appellant's request, which is No. 7. What we have said with reference to appellee's instruction No. 1 will no doubt eliminate any error in this regard on a retrial of the case, and it therefore becomes unnecessary to discuss these assignments in detail.

For the error indicated, the judgment will be reversed, and the cause remanded for a new trial.