30871. GAINESVILLE MIDLAND RAILROAD COMPANY *v.* ALLEN.

Decided July 12, 1945. Rehearing denied July 25, 1945.

*Roberts & Roberts,* for plaintiff in error.

*A. M. Kelly,* contra.

GARDNER, J.  Since the case is reversed on the charge of the court, we will not comment on the general grounds other than to say that the evidence presents questions of fact for the jury.

■ Special grounds 4 and 5 assign error on excerpts from the charge of the court. These excerpts are almost verbatim from Code sections 94-701 and 94-702. It is contended that these sections were not applicable to the facts of this case without further explanation; and that construing the principles given in connection with the entire charge, the alleged vice still adheres. As to these contentions, we differ with counsel. In our view they are adjusted to the facts of this case. If counsel desired a further charge from the court wherein the principles of the sections should have been broken down in more detail as to their applicability to the facts in this case, they should have requested the same in writing in the manner prescribed by law. We find no reversible error in these grounds.

■ Special ground 6 has given us considerable concern. So far as we have been able to ascertain in our investigation, and so far as counsel for both parties have brought to our attention, the assignment in this ground presents the first impression as to whether a railroad gasoline motorbus being operated as a common carrier over the tracks of a railroad company should be required to be equipped with a bell. It is admitted that the motorbus in the instant case was not equipped with a bell, therefore no bell was tolled on the occasion in question. On this point, the court charged: "Within the corporate limits of cities, towns, and villages a railroad company shall not be required to erect blowposts or to blow the whistle of its locomotives in approaching the crossings or public roads in said corporate limits, but in lieu thereof the engineer shall be required to signal the approach of his train to such crossing by constantly tolling the bell of said locomotive." This principle is contained in the Code, § 94-507. The court further charged: "A violation of any of the requirements of this section of the Code would constitute negligence, but it would remain for the jury to determine, under all the facts and circumstances of the case, whether such negligence was the proximate cause of the injury. When our law speaks of a locomotive engine, I charge you that this same law would apply to a gasoline motorbus operated by a railroad company on its tracks." The gravamen of the error assigned on this special ground is that the statute does not require a gasoline motorbus which is being operated on the line of a railway track in this State to be equipped with a bell, and

that such statutory requirement applies to a steam locomotive only. In this we agree with the appellant. The provisions of the Code, § 94-507, relative to tolling a bell applies only to steam locomotives. In discussing the issue, there are three correlated sections we must consider, under the title Railroads, Title 94: Section 94-505 reads: "Each locomotive engine operated on the line of any railway in this State shall be equipped with a signal bell and a steam signal whistle." Section 94-507 reads: "Within the corporate limits of cities, towns, and villages the said railroad company shall not be required either to erect the blowpost hereinbefore provided for or to blow the whistle of its locomotives in approaching the crossing or public roads in said corporate limits, but in lieu thereof the engineer of each locomotive shall be required to signal the approach of his train to such crossing in said corporate limits by constantly tolling the bell of said locomotive, and on failure to do so the penalties of section 94-9903 shall apply to such offense." Section 94-9903 reads: "If any engineer shall neglect to blow the whistle, exercise due care, or keep and maintain a vigilant lookout as required in section 94-506, or if he fails to constantly toll the bell of the locomotive as required by section 94-507, he shall be guilty of a misdemeanor." Thus it will be seen that to violate the provisions of section 94-507 is a penal offense. Penal statutes must be strictly construed. *Morgan* v. *Central Railroad,* 77 *Ga.* 788. The words in the Code, § 94-505, "Shall be equipped with a signal bell and a steam signal whistle" clearly evidence that the legislative intent was to apply the provisions of section 94-507 as to "constantly tolling the bell of said locomotive" only to steam locomotives, consequently the trial judge committed reversible error in instructing the jury that this requirement of the statute applied to the gasoline motorbus in question.

While the question now under consideration has not heretofore been presented to our appellate courts, the same question has been dealt with in many other jurisdictions and the great weight of authority sustains our view in the instant case. We will not attempt to quote from all of these decisions which present, some similar, and others kindred, and all illustrative of the issues involved in the instant case. In Franklin &c. Ry. Co. *v.* Shoemaker, 156 Va. 619 (159 S. E. 100), the statute under consideration required that each locomotive engine should be equipped with

a bell and a steam whistle, such bell to be tolled at designated places. The court held that this did not apply to gasoline motorcars operated on the railroad. In Libby v. New York, New Haven, &c. Railroad, 273 Mass. 522 (174 N. E. 171, 73 A. L. R. 101), the court held in effect that railroad motorcars operated by gasoline could not be included without rendering the words steam whistle superfluous. The motorcar in that case was equipped with an air whistle. The court said that if the statute was to be literally enforced against gasoline motorcars it would follow that a steam boiler must be kept in operation on such engines for no other purpose than to sound the whistle, and that it is plain that the legislature could not have intended those statutes to include the operation of railroad motorcars. In Hudson v. Southwest Missouri R. Co., 173 Mo. App. 611 (159 S. W. 9), it was held that the words "locomotive engine" and "steam whistle" unmistakenly point to motor engines generating and driven by steam power, and the court cites as sustaining that view, Stranahan v. Sea View Railway Co., 84 N. Y. 308. In that same case it was held that a statute which required a bell or steam whistle on each locomotive engine to be sounded at least 80 rods from a highway crossing did not apply to a trolley car operated by electricity. See also Cook v. Missouri Pacific Railway Co., 160 Ark. 523 (254 S. W. 680) ; Yazoo & Miss. Valley R. Co. v. Day, 120 Miss. 296 (82 So. 148) ; Campbell v. Greenville &c. Railway Co., 97 S. C. 383 (81 S. E. 676). In Coyne v. C. C. C. & St. L. Ry. Co., 208 Ill. App. 425, it was held that where a railroad propels an auto speeder on its tracks over a dangerous crossing there is no statutory duty resting upon it to give signal of approach, but only a common-law duty to exercise due care and to give reasonable warning. See also Birmingham Railroad Light &c. Co. v. Ozburn, 4 Ala. App. 399 (56 So. 599) ; Smith v. Atchison, Topeka &c. Railway Co., 145 Kansas 615 (66 Pac. 2d, 562) ; St. Louis Southwestern Railway Co. v. Mitchell, 115 Ark. 339 (171 S. W. 895). The court erred in instructing the jury that the statutory requirement regarding tolling of bells within the corporate limits of cities, towns, or villages, applied to a gasoline motorbus.

Under the recent act of the General Assembly, approved March 8, 1945, this case was, by consent of the Judges, referred to the court as a whole for determination.

*Judgment reversed. All the Judges concur.*